Matthias, J.
 

 The question whether in order to recover for the benefit of the next of kin by virtue of the provisions of Section 10770, General Code, it is necessary that plaintiff aver and prove the vicious character of the dog and the knowledge of the defendant thereof, is squarely presented by the record in this case. The Court of Appeals an
 
 *522
 
 swered this question in the affirmative, holding that the trial court erred in directing that the trial should proceed as an action under Section 5838, General Code, and upon such ground reversed the judgment of the common pleas court.
 

 The pertinent parts of that section are as follows :
 

 “A dog that chases, worries, injures or kills a * * * person, can be killed at any time or place. * * * The owner or harborer of such dog shall' be liable to a person damaged for the injury done.”
 

 Had death not ensued, and had the action been instituted by the person injured, it would not have been necessary to aver and prove that the defendant was negligent in keeping and harboring the dog, well knowing it to be vicious and liable to attack persons at any time; and such averment in the pleading would have been regarded and treated as surplusage.
 
 Kleybolte
 
 v.
 
 Buffon,
 
 89 Ohio St., 61, 105 N. E., 192;
 
 Silverglade
 
 v.
 
 Von Bohr,
 
 107 Ohio St., 75, 140 N. E., 669. The reason for such conclusion is obvious. As was stated in the opinion in the case first cited (89 Ohio St., at page 66, 105 N. E., 194):
 

 “The statute imposes an absolute liability on the owner of the dog, and the averment and proof of
 
 scienter
 
 are unnecessary. The owner is liable regardless of his conduct in the keeping of the dog. Under the statute, the conduct of his property renders him liable, and his own negligence in the matter is wholly immaterial.”
 

 This court applied the same rule in the case last above cited, and held that in order to recover it was necessary to prove only the extent of the in
 
 *523
 
 jury and that the defendant was the owner of the dog which caused it. The' liability of the owner for damages done by his dog necessarily arises from the doing of a wrongful act, and it does not matter whether the “wrongful act” consists in being the owner or harborer of a dog which injures or kills a person or is the action of the dog, for which the owner by express provision of this statute is made liable. The statute recognizes such injury as the result of a “wrongful act” when it creates a liability against the owner in favor of “a person damaged for the injury done.”
 

 The very purpose of Sections 10770 and 10772, General Code (the enactment into our statute of Lord Campbell’s Act), as dearly shown by the express provisions thereof, is to authorize an action in behalf of the persons therein designated, brought in the name of the personal representative of the deceased, whose death was caused by wrongful act, neglect, or default, such as would have entitled him to maintain such action and recover damages if death had not ensued. Had Beranek lived he would have been entitled, upon proof of the facts which we have seen are essential under Section 5838, General Code, to have recovered damages for whatever injury he sustained through an act which under the provisions of that section was a wrongful act. It would be absurd if one could recover for injuries sustained in such manner, and there could be no recovery on behalf of those damaged if the injuries were sufficiently severe to result in death.
 

 It is stated in 3 Blaekstone’s Commentaries, 158, that—
 

 
 *524
 
 “In its most usual sense wrong signifies an in- . jury committed to the person or property of another, or to his relative rights, unconnected with contract.”
 

 The statute, Section 5838, General Code, defines a “wrong,” and fixes the liability therefor. Here death having ensued as a result of a wrong for which the deceased could have recovered had he lived, the liability of the owner is not extinguished, but may be asserted, and, if the facts warrant, damages may be recovered under authority of Sections 10770 and 10772, General Code.
 

 It should, however, be here stated that action for such injuries is not necessarily based upon the statute. On the contrary, it is our view that the right to maintain an action at common law for damages resulting from injuries which by his negligence the owner of a dog suffers such animal to commit has not been abrogated by statute, but that a plaintiff may sue either under the statute or at common law;.
 

 It is our conclusion, therefore, that no error prejudicial to the defendant’s rights was committed by the trial court in directing that the trial proceed upon the theory that the action was based upon the provisions of the statute, and that the reversal of the judgment upon that ground was not warranted.
 

 It is urged that the admission by the trial court of certain evidence objected to by the defendant was error prejudicial to defendant. The auditor of the county was called as a witness and produced from the files of his office an application for a dog license dated January 13, 1920, which pur
 
 *525
 
 ported to have been signed by the defendant Anna Hora, and which, over the objection of the defendant below, was introduced in evidence and read to the jury. The objection was based upon the ground that such paper was not competent evidence and could not be received without first showing that it had been signed by Anna.Hora or that she had caused it to be filed.
 

 Section 5652, G-eneral Code, requires that every person who keeps or harbors a dog shall at the time therein designated file in the office of the county auditor of the county in which such dog is kept or harbored an application for registration, and also sets forth the requirements thereof as to description of the dog, name of the owner, etc. It therefore appears that the application in question was a document required by law to be filed in the office of the county auditor and was in his custody and control as such official, and therefore came within the rule that official documents or papers required by law to be made and filed with a public official being found in appropriate custody and control may be produced in evidence without preliminary proof of their genuineness.
 

 For the reason stated, the judgment of the Court of Appeals is reversed and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Wanamaker, Robinson, Hat and Allen, JJ., concur.