O’Neill, J.
The plaintiff’s principal assignment of error is that the Court of Appeals erred in finding that the enactment of Section 955.28, Revised Code, abrogated the common law of Ohio with respect to an action for damage or injury resulting from an attack by a vicious dog owned and harbored by a defendant.
The controlling question in this appeal is: Does Section 955.28, Revised Code, abrogate the common law of Ohio with respect to liability of dog owners or harborers for damage or injury caused by a vicious dog.
Section 955.28, Revised Code, provides as follows:
“A dog that chases, worries, injuries, or kills a person, sheep, lamb, goat, kid, domestic fowl, or domestic animal except a cat or another dog can be killed at any time or place. If, in attempting to kill such dog running at large, a person wounds it, he is not liable to prosecution under the penal laws *391 which punish cruelty to animals. The owner or keeper shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on' the owner’s property.”
Section 955.28 replaced Section 5838, General Code, which read as follows:
“A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done. ’ ’
Section 5838, General Code, and previous similar statutes did not affect the common-law liability of owners or harborers of dogs. Hayes v. Smith (1900), 62 Ohio St., 161, 56 N. E., 879; Kleybolte v. Buffon, a Minor (1913), 89 Ohio St., 61, 105 N. E., 192; McIntosh v. Doddy (1947), 81 Ohio App., 351, 77 N. E. (2d), 260.
The Court of Appeals, in holding that there is no longer a common-law action in Ohio founded upon negligence in harboring a vicious dog with knowledge of its propensities, relied upon the syllabus in Hirschauer v. Davis (1955), 163 Ohio St., 105, 126 N. E. (2d), 337.
The question presented in this case was not before the court in the Hirschauer case, and the syllabus in that case, relied upon by the Court of Appeals, does not decide the question before this court.
In the case of Lisk, Admr., v. Hora (1924), 109 Ohio St., 519, 143 N. E., 545, the first paragraph of the syllabus sets forth the law with regard to the question here presented, as follows :
“The right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by statute and such suit may be maintained either under the statute or at common law.” (Section 5838, General Code, was in effect at the time that case was decided, March 11, 1924.) *392 This rule is also set forth in 3 Corpus Juris Secundum, 1257, Animals, 2. Injuries by Dogs, Section 151, (b) Statutory Liability (1) In General, as follows:
“The common-law rule of liability may be altered or extended by statutes imposing an absolute duty upon the owner or keeper of dogs. * * * Although such statutes operate to create a new and different cause of action in no way dependent upon common-law principles, ordinarily they are not regarded as abrogating the common-law right of action for injuries caused by dogs, and suit may be maintained either under the statutes or at common-law * * *.” Citing Lisk v. Hora, supra.
With reference to the common-law action, 3 Corpus Juris Secundum, 1256, Section 151, states:
“Gist of action. Although it is said that at common law the liability is based on negligence, the gist of the action for injury by a dog known by its owner to be vicious is generally said to be not negligence in the manner of keeping the dog, but for keeping it at all. '* * * the negligence on which liability is founded is keeping the animal with knowledge of its propensities.”
See 4 American Jurisprudence (2d), 353, Animals, Section 105, Trespassers, where it is stated:
“The authorities almost unanimously hold that the owner of a domestic animal, known by him to be vicious and disposed to attack people, is bound to restrain it even as against a trespasser on his own premises, and that he will not be permitted to set up the commission of the trespass as a defense.”
The reasoning upon which this rule is founded is similar to the reasoning of this court with regard to the spring-gun, trap or dangerous-instrument cases, i. e., State v. Childers (1938), 133 Ohio St., 508, 14 N. E. (2d), 767, and Allison v. Fiscus (1951), 156 Ohio St., 120, 100 N. E. (2d), 237, 44 A. L. R. (2d), 369.
Section 955.28, Revised Code, re-creates a statutory action which had been established previously in Section 5838, General Code, which imposed a rule of absolute liability upon the owner or harborer of a dog for injury done to a person under certain conditions. This section does not abrogate the action which exists under the common law for damage or injuries inflicted *393 upon property or a person by a vicious dog against a person who owns or harbors such a vicious dog, when he knows or should know those propensities of the dog.
In this case, the jury found that the three dogs owned and harbored by the defendant were vicious, that the defendant knew or should have known that they were vicious, and that the defendant was negligent in harboring the dogs. These findings constitute the gist of the common-law action for harboring vicious dogs.
The Court of Appeals erred in finding that Section 955.28, Revised Code, abrogated the common-law action for harboring a vicious dog with knowledge of its propensities.
The judgment of the Court of Appeals is, therefore, reversed.

Judgment reversed.

Taft, C. J., Griffith, Herbert and Gibson, JJ., concur.
Zimmerman and Matthias, JJ., dissent.