{¶ 17} I respectfully dissent from the majority's resolution of Beckett's last assignment of error. I would hold that the trial court properly required Beckett to choose between a claim under R.C. 955.28
and a common law negligence claim, based on the authority of Warner v.Wolfe (1964), 176 Ohio St. 389.
 {¶ 18} In Warner, the Supreme Court of Ohio held that, "`[t]he right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by statute and such suit may be maintained either under the statute or at common law.'" (Emphasis added.) Id., quoting Lisk, Adm'r, v. Hora (1924), 109 Ohio St. 519, paragraph one of the syllabus. Accord, Manda v. Stratton (1999), 11th Dist. No. 98-T-0018, at *5; Myers v. Lynn (1985), 6th Dist. No. L-85-009, at *2.
 {¶ 19} The Sixth District Court of Appeals relied upon Warner for the conclusion that a plaintiff must choose his theory of liability.Rodenberger v. Wadsworth (Nov. 25, 1983), Sixth Dist. No. OT-83-18, at *2. The Rodenberger court held that "the words, `either under the statute or at common law' indicate that the plaintiff in a dog bite case may not proceed under both theories of liability[.]" Id. TheRodenberger court concluded that common law and statutory claims could not be maintained simultaneously because: *Page 8 
 "in an action under the statute, `evidence tending to show that the dog had bitten another person prior to the time that the plaintiff was bitten, and that defendant had knowledge thereof, is inadmissible.' Thus, if a plaintiff were allowed to proceed under both theories of liability, evidence needed to establish the element of viciousness necessary under the common law theory would be inadmissible if the theory of statutory liability were also pursued. *x*x* [T]he trial court did not err in requiring the appellants to elect which theory they desired to pursue at trial." Rodenberger at *2, quoting Kleybolte v. Buffon (1913), 89 Ohio St. 61.
 {¶ 20} I find the reasoning of the Sixth District Court of Appeals persuasive. Even had the Supreme Court of Ohio not expressly stated that a party could maintain either a statutory claim or a common law negligence claim, if both claims were allowed to proceed to trial and the evidence necessary to establish the negligence claim were admissible despite the requirements to establish a claim under R.C. 955.28, it would be nearly impossible for a judge to construct a proper jury instruction. Such jury instruction would need to adequately explain the law of both theories and then instruct on how to apply one rule of law to some facts and another rule of law to other facts, while ignoring the first set of facts. A trial court would need to instruct a jury that they could consider the dog's vicious propensity related to the negligence claim, but must forget that evidence when considering the statutory claim.
 {¶ 21} Based on the foregoing and given the Warner Court's notation that a victim of a dog bite may recover under either R.C. 955.28 or pursuant to a common-law negligence claim, I would hold that the trial court did not err in requiring Beckett to so choose and would affirm this portion of the judgment of the trial court. Because of my conclusion as to the third assignment of error, Beckett's first two assignments of error would not be moot and I would address them. *Page 1