O’Donnell, J.,
dissenting.
{¶ 23} Respectfully, I dissent.
{¶ 24} I write to lament what today’s majority opinion proposes to foist on trial judges and juries who litigate cases involving bodily injuries arising out of incidents with dogs. Dog owners have no idea what the court has done to them.
{¶ 25} Pursuant to the Ohio Constitution, whenever a certified conflict exists between appellate districts in Ohio, the Supreme Court has the responsibility to resolve the law. See Section 3(B)(4), Article IV, Ohio Constitution.
*262 {¶ 26} The certified question in the matter now before the court is as follows: “Whether a plaintiff pursuing a claim for bodily injury damages in a case involving a dog are [sic] required to elect between pursuing a statutory claim under R.C. 955.28 and a common law claim for negligence.”
{¶ 27} Rather than resolving that conflict and settling the law in a manner in accordance with the existing precedent of this court, the majority has fashioned a new theory of litigating these cases that will create chaos and confusion by directing the commingling of separate and inconsistent causes of action, which will further complicate the task of trial judges — all for no purpose, because the majority admits that only one recovery is possible. Instead of taking the path of simplicity and bringing order out of chaos by following stare decisis, the majority chooses to abandon our precedent and forge a new trail, throwing these cases to the dogs.
{¶ 28} In Warner v. Wolfe (1964), 176 Ohio St. 389, 27 O.O.2d 356, 199 N.E.2d 860, this court held that “ ‘[t]he right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by statute and such suit may be maintained either under the statute or at common law.’ ” (Emphasis added.) Id., quoting Lisk v. Hora (1924), 109 Ohio St. 519, 143 N.E. 545, paragraph one of the syllabus.
{¶ 29} In accordance with that direction, although the complaint alleged claims sounding in negligence as a theory of recovery and also a strict-liability claim pursuant to R.C. 955.28, the trial court judge ordered Yoshanta Beckett, on behalf of her child, to elect which claim would be presented to the jury. Beckett elected to pursue the statutory claim. Following trial on the statutory claim, the jury returned a verdict of $5,000. On appeal, the Ninth District Court of Appeals in a two-to-one decision reversed that judgment, held that the trial court erred in requiring an election, and remanded for a new trial. Recognizing that its decision conflicted with a case from the Sixth District Court of Appeals, the appellate court certified a conflict, bringing the matter to this court.
{¶ 30} In a well-reasoned decision in Rodenberger v. Wadsworth (Nov. 25, 1983), Ottawa App. No. OT-83-18, 1983 WL 7005, the Sixth District Court of Appeals relied on Warner for the proposition that a litigant must elect one theory of recovery and held that “the words ‘either under the statute or at common law1 indicate that the plaintiff in a dog bite case may not proceed under both theories of liability* * *.” Id. at *2.
{¶ 31} The analysis and reasoning of the Sixth District in Rodenberger is persuasive. The appellate court in Rodenberger noted that in an action under the statute, evidence necessary to prove the common-law theory of recovery — that the dog had previously bitten another and that the owner had knowledge of the *263 previous injury — is inadmissible; thus, proceeding under both theories of liability would result in the presentation of evidence necessary to prove the element of viciousness under a common-law negligence theory of recovery, id., and at the same time inadmissible under the statutory, strict-liability cause of action, id., quoting Kleybolte v. Buffon (1913), 89 Ohio St. 61, 105 N.E. 192.
O’Shea & Associates Co., L.P.A., and Michael J. O’Shea, for cross-appellees.
Baker, Dublikar, Beck, Wiley & Mathews and Donald P. Wiley, for cross-appellants.
{¶ 32} This insightful analysis did not escape Judge Vukovich of the Seventh District Court of Appeals in Koruschak v. Smotrilla (July 16, 2001), Mahoning App. No. 99 CA 320, 2001 WL 884093, where in a concurring opinion he artfully pointed out that the elements of proof of the causes of action are separate and distinct and their commingling at trial invites confusion for the trier of fact. Id. at *4. He noted that it is a “daunting task” for a jury to sift through evidence and assign it to one of two causes of action. Id.
{¶ 33} And in his dissenting opinion in the instant case, Judge Slaby noted that “if both claims were allowed to proceed to trial and the evidence necessary to establish the negligence claim were admissible despite the requirements to establish a claim under R.C. 955.28, it would be nearly impossible for a judge to construct a proper jury instruction.” Beckett v. Warren (Sept. 17, 2008), Summit App. No. 23909, 2008 WL 4227189, *4 (Slaby, J., dissenting).
{¶ 34} Judge Slaby is exactly correct. It makes no sense to have a trial court judge explain to jurors the law of two inconsistent theories of recovery, and then instruct them to apply the law of one to some facts and the law of another to other facts while ignoring the facts relating to the first rule of law. It is logically inconsistent to tell a jury to consider a dog’s vicious propensity for a common-law negligence claim and, at the same time, instruct the same jurors to ignore that evidence in connection with evidence relating to a statutory claim.
{¶ 35} Our holding in Warner resolves this case, clarifies any budding confusion, and eliminates the inconsistency recognized by astute appellate judges who have dealt with this issue.
{¶ 36} The right to maintain an action at common law for damages resulting from injuries arising out of the negligence of a dog owner is not abrogated by statute, and such a suit may be maintained either under the statute or at common law, but not simultaneously in the same lawsuit.
{¶ 37} The certified question should be answered in the affirmative.
Pfeifer, J., concurs in the foregoing opinion.