DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, which granted appellees', Margaret Galpal and Allstate Insurance Company, motions for summary judgment. Because the trial court did not err in its determination, we affirm.
On November 3, 1995, Mark D. Smith, a minor, was bitten by a dog owned by Ronald and Dawn Galpal while visiting the Galpals' home at 1228 Camden Street in Toledo, Ohio. Margaret Galpal, the owner of the property, leased the residence to Ronald and Dawn. On March 13, 1998, appellants, Mark J. and Billie Smith, parents of Mark D., filed suit against Margaret Galpal and Allstate Insurance Company ("Allstate"), among others, for their son's injuries. Appellants claimed that Margaret Galpal was liable as owner of the property. Appellants also claimed that Margaret Galpal's Allstate insurance policy, which covered her residential property, provided coverage for Mark's injury. Appellants requested a declaratory judgment requiring Allstate to defend and indemnify Margaret Galpal for appellants' claims.
On February 26, 1999, Allstate moved for summary judgment. Appellants filed a motion in opposition and moved for summary judgment on their own behalf. The trial court granted summary judgment in favor of Allstate.
On March 6, 2000, Margaret Galpal moved for summary judgment. Appellants filed a motion in opposition. On May 11, 2000, the trial court granted summary judgment in favor of Margaret Galpal.
Appellants now appeal the two judgments, setting forth the following assignments of error:
 "I. The Trial Court Erred In Granting Summary Judgment When Genuine Issues of Material Fact Existed.
 "II. The Trial Court Erred By Not Finding That Allstate Is Obligated To Defend And Indemnify Margaret Galpal."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67.
 I.
Appellants assert two theories under which Margaret Galpal may be held liable for the dog bite injury: (1) R.C. 955.28(B) and (2) common law.
"R.C. 955.28(B) imposes strict liability on the owner, keeper, or harborer of a dog `for any injury, death, or loss to person or property that is caused by the dog.'" Flint v. Holbrook (1992), 80 Ohio App.3d 21,25. The issues to be determined under the statute are: (1) whether the party is the owner, keeper, or harborer of the dog; (2) whether the dog's actions were the proximate cause of the damage; and (3) the monetary amount of damages. Id.
"An owner is the person to whom a dog belongs, while a keeper has physical control over the dog." Id. To determine if a person is a "harborer" of a dog, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives.Godsey v. Franz (Mar. 13, 1992), Williams App. No. 91WM000008, unreported. "A person who is in possession and control of the premises where the dog lives, and silently acquiesces in the dog being kept there by the owner, can be held liable as a `harborer' of the dog." Id. (quoting Sengel v. Maddox (1945), 31 O.O. 201, paragraph two of the syllabus).In this case, Margaret Galpal is not the owner or the keeper of the dog. Thus, she may only be held liable under R.C. 955.28(B) if she harbored the dog. Dawn Galpal stated in her deposition that Margaret Galpal did not know that she and her husband were keeping a dog on the premises. Appellants have not provided any evidence to show that Margaret Galpal knew of the dog's presence on the property and silently acquiesced in its being kept there. Therefore, we conclude that Margaret Galpal cannot be held liable for the injuries as a harborer under R.C. 955.28(B).
In the alternative, appellants must show under common law: (1) that Margaret Galpal owned or harbored the dog; (2) that the dog was vicious; (3) that Margaret Galpal knew of the dog's viciousness; and (4) that she was negligent in keeping the dog. See Flint v. Holbrook (1992)80 Ohio App.3d 21, 25-26 (quoting McIntosh v. Doddy (1947)81 Ohio App. 351, 359). Because we have already determined that Margaret Galpal did not own or harbor the dog, she likewise cannot be held liable under this cause of action.
Consequently, since there is no genuine issue as to any material fact, and reasonable minds can come to but one conclusion, which is adverse to the appellants, appellees are entitled to judgment as a matter of law. Accordingly, appellants' first assignment of error is not well-taken.
 II.
In their second assignment of error, appellants claim that the trial court erred by not finding that Allstate was obligated to defend and indemnify Margaret Galpal. Since we have already determined that Margaret Galpal is not liable to appellants for injuries caused by the dog, Allstate has no duty to indemnify her. Furthermore, the insurance policy Margaret Galpal has with Allstate specifically indicates that coverage does not apply to leased property. Thus, Allstate was not obligated to defend the suit. Therefore, the trial court properly granted summary judgement as to Allstate's obligation in this action. Accordingly, appellants' second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The cost of this appeal is assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, P.J.
James R. Sherck, J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.