**McINTOSH, Plaintiff-Appellee, v DODDY, ET, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6841.   Decided November 3rd, 1947.

Loyal S. Martin, Cincinnati, for plaintiff-appellee.
David L. Shannon, Cincinnati, for defendants-appellants.

## OPINION

By MATTHEWS, PJ.

The plaintiff obtained a verdict for $2500.00 on account of personal injuries inflicted by a dog. The trial court required a remittitur of one-third as a condition of overruling the motion for new trial. This was acceded to and judgment rendered for $1666.66. It is from that judgment that this appeal was taken.

The defendants are husband and wife. In her petition, the plaintiff alleged that "they harbored a dog which they well knew was accustomed to attack and bite mankind, yet defendants wrongfully and negligently allowed said dog to go at large without being properly secured," and this was followed by allegations of the attack by the dog and the injuries inflicted.

To this petition, the defendants filed a joint answer in which they denied generally its allegations.

However, at the opening of the trial the defendants admitted that "William Doddy, one of the two defendants, did live at the Melrose Avenue address together with the other defendant, his wife. We will further admit that William Doddy owned a dog that was kept on the premises at Melrose Avenue where he lived at his home."

In appellants' brief in this Court they say: "Defendant William Doddy admitted liability and asked the jury to fix a reasonable amount to compensate plaintiff. Catherine Doddy denies liability, and at the close of all the evidence moved for a dismissal of the petition against her."

Certain errors at the trial are assigned for the reversal of this judgment, but before considering them, we deem it helpful to bring before us the state of the law of Ohio as to liability for injuries inflicted by dogs. We start with the case of **Hayes v Smith, 62 Oh St 161,** in which the court held that the gist of the common law liability for injury by a dog was the negligent harboring of the dog after knowledge of his vicious propensities.

Legislation to broaden the liability of the keeper of a dog was enacted in the month following the announcement of the decision of Hayes v Smith. By this legislation, it was provided that the owner or harborer of any dog "shall be jointly and severally liable to any person so damaged to the full amount

of the injury done." 94 v. 118. With some unimportant changes in wording this is now §5838 GC.

In **Kleybolte v Buffon, 89 Oh St 61**, this statute came under consideration by the Supreme Court for the first time, and the court held as stated in the syllabus:

"In an action brought under §4212-2, **Revised Statutes** (§§5838 and 5839 GC), for injuries inflicted by a dog, punitive or exemplary damages are not recoverable.

"In such an action, evidence tending to show the dog had bitten another person prior to the time that the plaintiff was bitten, and that the defendant had knowledge thereof, is inadmissible."

Although the petition in Kleybolte v Buffon alleged that the defendant had negligently allowed the dog to go at large, there was no allegation that the dog was vicious or that the defendant had had prior knowledge of any viciousness, which are necessary allegations in the statement of a common law action or to justify the award of punitive damages. However, at the trial, evidence was introduced by the plaintiff, over the objection of defendant, that the dog had bitten another person, of which the defendant had knowledge. In concluding that this was an action relying solely upon the statute, the court called attention to the fact that the trial court, at the plaintiff's request, charged the jury that the mere ownership of the dog created a liability, and also to the fact that the plaintiff prayed that the court order the dog to be killed as provided by the statute. And concluding that exemplary damages could not be assessed the court said that such damages were assessable where the elements of fraud, malice, or insult were present, and that in this case "None of these were pleaded, nor was there an averment that there was wilfulness, wantonness or recklessness on the part of the owner."

The application of the statute next came before the Supreme Court in **Silverglade v Von Rohr, 107 Oh St 75**. In that petition in that case, it was alleged that the defendant owned and harbored "a known vicious and dangerous dog—which habitually ran after automobiles," and that this dog caused the plaintiff's automobile to collide with a tree resulting in injuries to the plaintiff. The Court reaffirmed Kleybolte v Baffon, supra, that the liability of the owner or harborer of a dog was in no sense dependent upon negligence. One of the errors assigned was as to the charge on the measure of damage. Without stating whether, in a case in which it appeared that

the defendant had negligently harbored a dog after acquiring knowledge of his vicious character, any damage beyond compensation could be assessed, the Court analyzed the charge given, and, while not commending the charge, found that it limited recovery to compensation for the injuries received, and, therefore, was not prejudicial to the defendant.

Next, the Supreme Court held in **Lisk v Hora, 109 Oh St 519**, that the common law action for damages resulting from injuries, which the owner by his negligence permits the dog to commit, had not been abolished by §5838 GC. The action was against the owner for the wrongful death of the plaintiff's decedent caused by the bite of the dog. The trial court had held that it was sufficient for the plaintiff to prove that the defendant owned the dog, and that the dog had bitten the plaintiff's decedent, and that death resulted therefrom. The Court of Appeals reversed the judgment for plaintiff, holding that in order to recover under the wrongful death statute (§10770, et seq.) it was necessary to prove the elements of a common law action for negligently harboring a vicious dog after his savage nature had become known to the harborer. Which Court was correct was the question presented to the Supreme Court, and in answering that question the Court held that both common law and statutory actions for damage resulting from the behavior of dogs still exist in Ohio, that each is based on the wrongful act of the owner, and furnishes a sufficient predicate for an action for wrongfully causing death. The Court, therefore, held that no error, prejudicial to the defendant, was committed by the trial court in holding that it was sufficient for the plaintiff to prove the element of the statutory action.

**Dragonette v Brandes, 135 Oh St 223**, is the last case in this category to come before the Supreme Court. The Court, in addition to reiterating that §5838 GC, imposes an absolute liability, and that the plaintiff is not required to prove scienter, fault or negligence on the part of the defendant, held contributory negligence was not a defense in such an action.

From this review of the decisions of the Supreme Court, we deduce the following:

(1) That §5838 GC, creates a cause of action against the owner or harborer of a dog for all damage done by it regardless of its nature or the knowledge or care of the owner or harborer, in other words, that the liability is absolute, and that contributory negligence is not a defense.

(2) That the cause of action created by §5838 GC, is

limited to a recovery of the actual damage, thereby excluding any recovery of punitive or exemplary damage.

(3)  That there still exists in Ohio the common law action for damage resulting from negligent keeping of a vicious dog after knowledge of his vicious nature.

(4)  That in an action in which only the bare essentials of an action for recovery under the statute are alleged, evidence of the vicious nature of the dog, the knowledge of the owner of its vicious nature, and of the care or lack of care in keeping the dog is irrelevant and inadmissible to augment the damage beyond compensation.

(5)  In an action in which the additional elements necessary to state a common law action for negligently harboring a vicious dog after knowledge of its vicious nature are alleged, such evidence is not only competent but essential in order to prove all the elements of the cause of action.

(6)  That it is not necessary in these cases any more than in any other action under the Code of Civil Procedure to plead the law or to designate in any way whether the action is based on a statute or on the common law as administered in this state.

(7)  That in order to ascertain the measure of damage in an action based on the common law, it is necessary to have recourse to the common law. Whether punitive or other damage is recoverable is determined by that law.

Now it strikes one at once that the common law action includes all the elements of the statutory action and in addition the elements of scienter and negligence. And we think it is correct to say that where a petition contains all the elements of a common law action but the proof covers the statutory elements only, that the court would not dismiss the plaintiff, but would award to him the relief to which the proof entitled him, that is, compensation for the injury received. That would be the relief to which he would be entitled on the cause of action pleaded, shorn of the allegations of scienter and negligence, which he had failed to prove. And those allegations would be treated as surplusage.

Now, why would a plaintiff, bringing his action within the period allowed for either action, assume the difficult burden of proving the additional allegations of scienter and negligence? The only conceivable reason is that he would hope to recover beyond the recovery possible in the action based on the statute alone. And as he could recover full compensation in an action based on the statute the only way to increase the

recovery would be by assessing punitive or exemplary damages.

That brings us to a consideration of whether damage beyond compensation was recoverable at common law for negligently harboring a vicious dog.

Michigan early passed a statute dispensing with scienter as an element in cases of this sort. In an action arising after this statute was passed, the Supreme Court of Michigan held as stated in the syllabus to the case of Swift v Applebone, 23 Michigan, 252, that:

"In an action for damages for an injury inflicted by a vicious dog, even upon a count under the statute where the liability does not depend upon the scienter, the fact of knowledge in the owner of the vicious disposition of his dog is a proper subject to be taken into account and weighed by the jury in estimating the damages; and evidence of such knowledge is, therefore, competent. Recklessness of conduct or the want of due and reasonable care is an important element in estimating the damages in such a case, as it is in most cases of tort."

Justice Cooley wrote the opinion in Swift v Applebone, and it was concurred in by all the other justices, including Chief-Justice Campbell and Justice Christiancy, constituting a court of pre-eminent ability. At no place in the opinion are the words "punitive" or "exemplary" used. In discussing the subject of the competency of evidence of scienter in this case in which the statute imposed an absolute liability for damage caused by a dog, the Court held that the evidence was competent on the issue of the amount of damage to be assessed. As scienter on the part of defendant could not in the nature of things add to or subtract from the injury suffered by the plaintiff, the court must have had in mind adding something to the compensatory damage because of the wilful or reckless disregard by the defendant of the rights of others.

In 2 Am. Jur., 746, it is said on the subject of punitive damages in cases of this sort that:

"When the vicious nature of the dog is known to the owner, he is liable for punitive as well as compensatory damages."

So we conclude that in an action for damages caused by a vicious dog, the owner or harborer who knows of its vicious nature and negligently keeps it, may have assessed against him punitive damages in addition to compensatory damages.

Now, in the case at bar, the Court, both by special charge and the general charge, made the liability of the defendant Catherine Doddy depend upon proof of negligence in keeping the dog after acquiring knowledge of its vicious character, and the issues of contributory negligence and proximate cause. The plaintiff had made the allegations in her petition, the defendants had traversed them, and the Court submitted the issues as made by the parties. On all these issues the jury found against the defendants. In so finding the jury found that the defendant had harbored the dog. The fact that it also found that the dog was vicious and that the harboring was negligent and occurred after she had knowledge of its viciousness, certainly is not prejudicial to the defendant.

The plaintiff introduced evidence, over the defendants' objection, of other incidents, of this dog attacking others, and of the defendant Catherine Doddy being present on such occasions and of her exercising control over the dog. This evidence was made the subject of comment by plaintiff's counsel in his opening statement and in his closing argument. It is claimed that admitting such evidence was error and that the comments of counsel constituted misconduct.

In order to recover against Catherine Doddy it was necessary for the plaintiff to prove that she owned or harbored the dog. She denied that she was either the owner or harborer. A wife may be the harborer of a dog owned by her husband. **Sawrey v Grant, 31 Oh Ap 14.** But, of course, that liability does not arise by reason of the relation of husband and wife, but because of the conduct of the wife in relation to the dog. Evidence of that conduct is, therefore, relevant on the issue of whether she had harbored the dog. In Lisk v Hora, supra, evidence that the dog had bitten another person and that defendant had directed such person to go to a certain doctor was admitted and, "this, apparently, was for the purpose of showing the ownership." If such evidence was competent to show ownership, it certainly is competent to show harboring. The fact that it also tended to show that the dog was vicious, which might not be in issue, would not render it inadmissible to prove that which was in issue.

We, therefore, hold that the testimony as to prior instances showing the conduct of Catherine Doddy toward the dog was competent on the issue of whether she had harbored the dog.

We are not prepared to hold that it would not be admissible on the issue of whether punitive damages should be assessed, had that issue been submitted to the jury. However, we find that while the court imposed upon the plaintiff the

burden of proving that the defendant had negligently kept the dog after receiving knowledge of its vicious nature, it nevertheless limited the right of recovery to compensatory damages and specifically refused to charge the jury on the subject of punitive damage.

The defendants claim that the judgment is excessive.

We have examined the evidence on the subject of the plaintiff's injuries and are not prepared to hold that the amount of the verdict was excessive. We would not have disturbed a judgment for that amount. We do not believe a judgment for two-thirds that amount is prejudicial to defendant.

The defendants also assert that the plaintiff's counsel was guilty of misconduct. Most of the remarks, which form the predicate of this claim, related to the conduct of Catherine Doddy toward this dog when it had bitten another person. We have held that this evidence was competent and, therefore, the remarks related to that which was properly in evidence.

The court sustained the defendants' objection to some of the remarks of plaintiff's counsel, but we do not think that they required the withdrawal of a juror by the trial court, or the reversal of the judgment by this Court.

We find no prejudicial error in the record.

The judgment is affirmed.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.