BECKETT ET AL., CROSS-APPELLEES, *v.* WARREN ET AL., CROSS-APPELLANTS.

[Cite as *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4.]

*Torts — Negligence — R.C. 955.28 — A plaintiff may, in the same case, pursue a claim for a dog-bite injury under both R.C. 955.28 and common-law negligence.*

(No. 2008-2106 — Submitted September 30, 2009 — Decided January 6, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Summit County,

No. 23909, 2008-Ohio-4689.

_____

SYLLABUS OF THE COURT

A plaintiff may, in the same case, pursue a claim for a dog bite injury under both R.C. 955.28 and common law negligence.

_____

LUNDBERG STRATTON, J.

{¶ 1}  Today this court must decide whether a plaintiff pursuing a claim for bodily injuries caused by a dog must elect either a statutory remedy under R.C. 955.28 or a remedy at common law for negligence.  Because we hold that both remedies may be pursued in the same case, we affirm the judgment of the court of appeals.

**Facts**

{¶ 2}  Yoshanta Beckett, plaintiff and cross-appellee ("plaintiff"), filed a personal injury action against Richard Warren and Mary Wood, defendants and cross-appellants ("defendants"), on behalf of her minor child, who was bitten on the head by Warren and Wood's dog.  The suit contained three counts:  two common law negligence claims and one statutory claim for damages under R.C. 955.28.

**{¶ 3}** The trial court required Beckett to choose between pursuing either the statutory or common law remedy. Beckett chose the statutory remedy, and ultimately the jury entered a verdict in favor of Beckett for $5,000 in damages. Beckett moved the court for a new trial pursuant to Civ.R. 59(A)(4) and (6) and argued that the damages award was inadequate and that the judgment was not sustained by the weight of the evidence. The trial court denied Beckett's motion for new trial.

**{¶ 4}** On appeal, the Court of Appeals for Summit County held that a party may simultaneously pursue claims for a dog bite injury under R.C. 955.28 and common law negligence. Thus, the court of appeals reversed the judgment of the trial court and remanded the matter to the trial court for a new trial on Beckett's statutory and common-law claims. *Beckett v. Warren*, 9th Dist. No. 23909, 2008-Ohio-4689, ¶ 15-16.

**{¶ 5}** Both parties appealed to this court. The court of appeals certified a conflict between its decision in this case and the case the trial court relied on, *Rodenberger v. Wadsworth* (Nov. 25, 1983), Ottawa App. No. OT-83-18, 1983 WL 7005.

**{¶ 6}** This court determined that a conflict exists and ordered the parties to brief the issue of "[w]hether a plaintiff pursuing a claim for bodily injury damages in a case involving a dog [is] required to elect between pursuing a statutory claim under R.C. 955.28 and a common law claim for negligence." *Beckett v. Warren*, 121 Ohio St.3d 1424, 2009-Ohio-1296, 903 N.E.2d 324. Further, this court accepted defendants' Proposition of Law I in a discretionary cross-appeal: "The plaintiff in a dog bite case may file a complaint alleging a statutory cause of action and a negligence theory, but to avoid confusion of issues and the presentation of evidence which is admissible in one action and inadmissible in another, the plaintiff must elect which cause of action will be pursued at trial." See id.

2

## Analysis

### *Common Law Cause of Action*

{¶ 7}  There are two bases for recovery in Ohio for injuries sustained as a result of a dog bite: common law and statutory.  "At common law, the keeper of a vicious dog could not be liable for personal injury caused by the dog unless the person [keeper] knew of the dog's 'vicious propensities.' "  *Bora v. Kerchelich* (1983), 2 Ohio St.3d 146, 147, 2 OBR 692, 443 N.E.2d 509, quoting *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879, paragraph one of the syllabus.  Thus, in a common law action for bodily injuries caused by a dog, a plaintiff must show that (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness.  *Hayes* at paragraph one of the syllabus.  In a common law action for bodily injuries caused by a dog, as in any other common law tort action, punitive damages may be awarded.  *McIntosh v. Doddy* (1947), 81 Ohio App. 351, 359, 37 O.O. 203, 77 N.E.2d 260.

### *Statutory Cause of Action*

{¶ 8}  On April 10, 1900, the General Assembly amended a prior statute concerning dogs.  The amendment provided:  "Any animal of the dog kind that chases, worries, injures, or kills any sheep, lamb, goat, kid, domestic fowl, animal or person, may be killed by any person, at any time or place.  And the owner, owners or harborers of any animal of the dog kind that chases, worries, injures, or kills any sheep, lamb, goat, kid, animal or person, shall be jointly and severally liable to any person so damaged to the full amount of the injury done * * *."  H.B. No. 244, 94 Ohio Laws 118.

{¶ 9}  This statute later became G.C. 5838 in 1910, which provided: "A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place * * *.  The owner or harborer of such dog shall be liable to a person damaged for the injury done."

{¶ 10} R.C. 955.28, the successor statute currently before the court, imposes strict liability upon the owner, keeper, or harborer of a dog "for any injury, death, or loss to person or property that is caused by the dog" unless the injured individual was trespassing or committing a criminal offense other than a minor misdemeanor on the property. R.C. 955.28(B).

{¶ 11} The statutory cause of action "eliminated the necessity of pleading and proving the keeper's knowledge" of the dog's viciousness. *Bora v. Kerchelich* (1983), 2 Ohio St.3d 146, 147, 2 OBR 692, 443 N.E.2d 509. Consequently, in an action for damages under R.C. 955.28, the plaintiff must prove (1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages. *Hirschauer v. Davis* (1955), 163 Ohio St. 105, 56 O.O. 169, 126 N.E.2d 337, paragraph three of the syllabus. In an action brought under the statute, punitive damages are not recoverable. See *Kleybolte v. Buffon* (1913), 89 Ohio St. 61, 105 N.E. 192, syllabus. Thus, the defendant's knowledge of the dog's viciousness and the defendant's negligence in keeping the dog are irrelevant in a statutory action.

*Statute Does Not Abrogate Common Law*

{¶ 12} Turning to the relationship between the common law and statutory actions for damages resulting from bodily injuries caused by a dog, this court held in 1924 that "[t]he right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by statute and such suit may be maintained either under the statute or at common law." *Lisk v. Hora* (1924), 109 Ohio St. 519, 143 N.E. 545, syllabus.

{¶ 13} Further, this court held that R.C. 955.28, "which imposes a rule of absolute liability upon the owner or harborer of a dog for damage or injury caused by such dog (with certain exceptions), creates *a new and different cause of action* in no way dependent upon common-law principles and does not abrogate the

4

common-law right of action for damage or injury caused by a dog. A suit may be instituted either *under the statute or at common law*." (Emphasis added.) *Warner v. Wolfe* (1964), 176 Ohio St. 389, 27 O.O.2d 356, 199 N.E.2d 860, syllabus.

{¶ 14} The defendants argue, and the conflict case, *Rodenberger v. Wadsworth* (Nov. 25, 1983), Ottawa App. No. OT-83-18, 1983 WL 7005, held, that the final sentence of the *Warner* syllabus means that the two causes of action may not be instituted and pursued in one case. We disagree. Our focus in *Lisk* and *Warner* was not on whether the statutory and common law claims for dog bite injuries could be pursued simultaneously, but rather whether the statutory cause of action abrogated the common law cause of action, which we held it did not do. Therefore, we disagree with the *Rodenberger* court's restrictive interpretation of our decision in *Warner.*

*Simultaneous Claims in the Same Case*

{¶ 15} In answering the certified question and the proposition of law asking whether the two causes of action may be pursued in the same case, we must first look to the plain language of the statute and apply it as written if the meaning is unambiguous. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. There is no language in R.C. 955.28 to indicate that it was intended to be the sole cause of action for personal injuries sustained from a dog. Nor is there any language in the statute to indicate that a plaintiff is required to elect between pursuing a common law action or a statutory action at trial. Rather, we must conclude that the statute was enacted to protect the public and hold owners strictly liable for the actions of their dogs without permitting "one free bite." Thus, the statute itself does not preclude a simultaneous common law action for damages for bodily injuries caused by a dog.

{¶ 16} Further, we note that our Rules of Civil Procedure support our holding today. For example, Civ.R. 8(A) provides: "Relief in the alternative or of several different types may be demanded." Further, Civ.R. 8(E)(2) states: "A

party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds."

{¶ 17} Beyond the issue of whether plaintiffs are permitted to plead both common law and statutory claims for bodily injuries caused by a dog, the defendants argue that the doctrine of election of remedies demands that they elect only one theory to pursue at trial. See *Norwood v. McDonald* (1943), 142 Ohio St. 299, 315, 27 O.O. 240, 52 N.E.2d 67 ("The doctrine of election of remedies is applicable only where, at the time of election, there are available to the litigant for the assertion of a single right, two or more coexisting remedies which are repugnant to and inconsistent with each other"). However, the statutory and common law remedies in this case are not repugnant to or inconsistent with each other. The common law cause of action simply provides a potential additional remedy — punitive damages — if the elements of knowledge of prior viciousness and negligence are proven.

{¶ 18} In addition to their election-of-remedies argument, the defendants also argue that the jury may become confused when sifting through the evidence and trying to determine to which cause of action each piece of evidence relates. However, it is the responsibility of the trial judge to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 12, 19 OBR 8, 482 N.E.2d 583. And "[a] trial jury is presumed to follow the instructions given to it by the judge." *State v. Henderson* (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237, citing *Parker v. Randolph* (1979), 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713.

{¶ 19} To that end, we quote from the First District Court of Appeals' analysis in *McIntosh v. Doddy* (1947), 81 Ohio App. 351, 356-357, 37 O.O. 203,

77 N.E.2d 260: "[T]he common-law action [for injury by a dog] includes all the elements of the statutory action and in addition the elements of scienter and negligence. * * * [W]here a petition contains all the elements of a common-law action but the proof covers the statutory elements only, * * * the court would not dismiss the plaintiff, but would award to him the relief to which the proof entitled him, that is, compensation for the injury received. That would be the relief to which he would be entitled on the cause of action pleaded, shorn of the allegations of scienter and negligence, which he had failed to prove. And those allegations would be treated as surplusage."

{¶ 20} The *McIntosh* court concluded that the jury had found against the defendants on the issue of negligently keeping the dog and in so finding, the jury had found that the defendant had harbored the dog. The court held that "[t]he fact that it also found that the dog was vicious and that the harboring was negligent and occurred after she had knowledge of its viciousness, certainly is not prejudicial to the defendant." Id. at 359.

{¶ 21} We agree. When the plaintiff pursues both a statutory and common law claim for bodily injuries caused by a dog, a judge can easily instruct the jury that if it finds no evidence of the defendant's knowledge of the dog's viciousness, then only compensatory damages under the statutory cause of action are available. In that case, the plaintiff is entitled to compensatory damages to be made whole under the intent of the statute. When the plaintiff pursues both a statutory claim and a common law claim for bodily injuries caused by a dog, a judge can just as easily instruct the jury that if it finds that the plaintiff proved that the defendant had knowledge of the dog's viciousness and kept the dog in a negligent manner, the jury may award the additional remedy of punitive damages under the common law action. Compensatory damages remain the same under either theory of recovery, i.e., there is no double recovery. The remedies are not inconsistent under the law.

**Conclusion**

{¶ 22} For all of the reasons above, we hold that a plaintiff may, in the same case, pursue claims for a dog bite injury under both R.C. 955.28 and common law negligence. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and O'CONNOR and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER and O'DONNELL, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 23} Respectfully, I dissent.

{¶ 24} I write to lament what today's majority opinion proposes to foist on trial judges and juries who litigate cases involving bodily injuries arising out of incidents with dogs. Dog owners have no idea what the court has done to them.

{¶ 25} Pursuant to the Ohio Constitution, whenever a certified conflict exists between appellate districts in Ohio, the Supreme Court has the responsibility to resolve the law. See Section 3(B)(4), Article IV, Ohio Constitution.

{¶ 26} The certified question in the matter now before the court is as follows: "Whether a plaintiff pursuing a claim for bodily injury damages in a case involving a dog are [sic] required to elect between pursuing a statutory claim under R.C. 955.28 and a common law claim for negligence."

{¶ 27} Rather than resolving that conflict and settling the law in a manner in accordance with the existing precedent of this court, the majority has fashioned a new theory of litigating these cases that will create chaos and confusion by directing the commingling of separate and inconsistent causes of action, which will further complicate the task of trial judges – all for no purpose, because the

majority admits that only one recovery is possible. Instead of taking the path of simplicity and bringing order out of chaos by following stare decisis, the majority chooses to abandon our precedent and forge a new trail, throwing these cases to the dogs.

{¶ 28} In *Warner v. Wolfe* (1964), 176 Ohio St. 389, 27 O.O.2d 356, 199 N.E.2d 860, this court held that " '[t]he right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by statute and such suit may be maintained *either* under the statute *or* at common law.' " (Emphasis added.) Id., quoting *Lisk v. Hora* (1924), 109 Ohio St. 519, 143 N.E. 545, paragraph one of the syllabus.

{¶ 29} In accordance with that direction, although the complaint alleged claims sounding in negligence as a theory of recovery and also a strict liability claim pursuant to R.C. 955.28, the trial court judge ordered Yoshanta Beckett, on behalf of her child, to elect which claim would be presented to the jury. Beckett elected to pursue the statutory claim. Following trial on the statutory claim, the jury returned a verdict of $5,000. On appeal, the Ninth District Court of Appeals in a two-to-one decision reversed that judgment, held that the trial court erred in requiring an election, and remanded for a new trial. Recognizing that its decision conflicted with a case from the Sixth District Court of Appeals, the appellate court certified a conflict, bringing the matter to this court.

{¶ 30} In a well-reasoned decision in *Rodenberger v. Wadsworth* (Nov. 25, 1983), Ottawa App. No. OT-83-18, 1983 WL 7005, the Sixth District Court of Appeals relied on *Warner*, supra, for the proposition that a litigant must elect one theory of recovery and held that "the words 'either under the statute or at common law' indicate that the plaintiff in a dog bite case may not proceed under both theories of liability * * * ." Id. at *2.

{¶ 31} The analysis and reasoning of the Sixth District in *Rodenberger* is persuasive. The appellate court in *Rodenberger* noted that in an action under the statute, evidence necessary to prove the common-law theory of recovery – that the dog had previously bitten another and that the owner had knowledge of the previous injury – is inadmissible; thus, proceeding under both theories of liability would result in the presentation of evidence necessary to prove the element of viciousness under a common-law negligence theory of recovery, id., and at the same time inadmissible under the statutory, strict-liability cause of action, id., quoting *Kleybolte v. Buffon* (1913), 89 Ohio St. 61, 105 N.E. 192.

{¶ 32} This insightful analysis did not escape Judge Vukovich of the Seventh District Court of Appeals in *Koruschak v. Smotrilla* (July 16, 2001), Mahoning App. No. 99 CA 320, 2001 WL 884093, where in a concurring opinion he artfully pointed out that the elements of proof of the causes of action are separate and distinct and their commingling at trial invites confusion for the trier of fact. Id. at *4. He noted that it is a "daunting task" for a jury to sift through evidence and assign it to one of two causes of action. Id.

{¶ 33} And in his dissenting opinion in the instant case, Judge Slaby noted that "if both claims were allowed to proceed to trial and the evidence necessary to establish the negligence claim were admissible despite the requirements to establish a claim under R.C. 955.28, it would be nearly impossible for a judge to construct a proper jury instruction." *Beckett v. Warren* (Sept. 17, 2008), Summit App. No. 23909, 2008 WL 4227189, *4 (Slaby, J., dissenting).

{¶ 34} Judge Slaby is exactly correct. It makes no sense to have a trial court judge explain to jurors the law of two inconsistent theories of recovery, and then instruct them to apply the law of one to some facts and the law of another to other facts while ignoring the facts relating to the first rule of law. It is logically inconsistent to tell a jury to consider a dog's vicious propensity for a common-law

negligence claim and, at the same time, instruct the same jurors to ignore that evidence in connection with evidence relating to a statutory claim.

{¶ 35} Our holding in *Warner* resolves this case, clarifies any budding confusion, and eliminates the inconsistency recognized by astute appellate judges who have dealt with this issue.

{¶ 36} The right to maintain an action at common law for damages resulting from injuries arising out of the negligence of a dog owner is not abrogated by statute, and such a suit may be maintained either under the statute or at common law, but not simultaneously in the same lawsuit.

{¶ 37} The certified question should be answered in the affirmative.

PFEIFER, J., concurs in the foregoing opinion.

_____

O'Shea & Associates Co., L.P.A., and Michael J. O'Shea, for cross-appellees.

Baker, Dublikar, Beck, Wiley & Mathews and Donald P. Wiley, for cross-appellants.

_____