[Cite as *Darfus v. Clark*, 2013-Ohio-563.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID T. DARFUS, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellees | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 12-CA-9 |
| CAROLYN S. CLARK, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 2011-CV-604

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      February 5, 2013

APPEARANCES:

For Appellant:                      For Appellees:

LUIGIA TENUTA                       MARK R. RIEGEL
6400 Riverside Dr. C100             144 E. Main St.
Dublin, OH 43017                    P.O. Box 667
                                    Lancaster, OH 43130-0667

*Delaney, P.J.*

{¶1} Defendant-Appellant Carolyn S. Clark appeals the March 14, 2012 judgment entry of the Fairfield County Court of Common Pleas, which rendered a January 23, 2012 judgment entry granting damages to Plaintiffs-Appellees David and Linda Darfus a final appealable order.

## FACTS AND PROCEDURAL HISTORY

{¶2} On June 24, 2011, Plaintiffs-Appellees David and Linda Darfus filed a complaint in the Fairfield County Court of Common Pleas against Defendant-Appellant Carolyn S. Clark. The complaint alleged four claims against Clark: common law negligence, loss of consortium, violation of the dog bite statute under R.C. 955.28(B), and a request for punitive damages.

{¶3} David and Linda Darfus alleged in the complaint that David Darfus was a visitor to Clark's residence on October 15, 2010. Clark was the owner of two dogs that Clark knew had vicious propensities because the dogs had bitten or threatened other persons. On October 15, 2010, the Darfuses alleged Clark was negligent in her failure to restrain the dogs or intentionally failed to restrain the dogs because Clark either dropped the dogs' leashes or intentionally dropped the leashes and ordered the dogs to attack David Darfus. The dogs bit David Darfus causing injuries, some permanent, such as contusions, puncture wounds, and abrasions to his left arm, left wrist, right hand, left forearm, right thigh, and both legs and knees. Some of the injuries required sutures. While David Darfus was on the ground, Clark grabbed David Darfus by his right arm and forcibly pulled him up, causing the rotator cuff in his right shoulder to tear.

{¶4} David Darfus alleged in the complaint his medical bills were in excess of $20,608.00 and his injuries would cause him to incur medical expenses in the future. The Darfuses claimed compensatory damages in excess of $25,000.00.

{¶5} Linda Darfus stated in the complaint that due to the injuries suffered by her husband, she was deprived of her husband's services, society, companionship, consortium, and assistance.

{¶6} Because Clark's acts and omissions were allegedly reckless, willful and wanton, and in total disregard to the safety of others, the Darfuses requested punitive damages in excess of $25,000. The Darfuses also requested attorney's fees.

{¶7} The complaint was served on Clark on July 8, 2011.

{¶8} On August 4, 2011, the Darfuses filed a Motion for Default Judgment on their complaint against Clark. The trial court granted default judgment as to liability only in favor of the Darfuses on August 11, 2011. The matter was set for an oral hearing on damages pursuant to Civ.R. 55 on October 17, 2011.

{¶9} Clark appeared in the action through counsel on October 13, 2011. Clark requested a continuance of the damages hearing. The trial court granted the motion and rescheduled the oral hearing on damages to October 31, 2011.

{¶10} Clark filed a motion to vacate summary judgment on October 25, 2011. The trial court considered the motion to be a motion to vacate the default judgment pursuant to Civ.R. 60(B). Because the default judgment was as to liability only and the issue of damages was still pending before the trial court, the trial court denied Clark's motion on November 16, 2011 because the default judgment was not a final order. On November 7, 2011, Clark filed a pro se letter with the trial court requesting

time to permit her to obtain new counsel. The damages hearing was continued to December 16, 2011 at 9:00 a.m.

{¶11} Clark obtained new counsel to represent her in the action. On December 15, 2011, her counsel filed a notice of limited appearance to represent Clark in the action. Clark also filed three motions on December 15, 2011: a motion for leave to plead, defend, claim, and otherwise respond; a motion to discharge/withdraw her previous counsel of record; a motion for stay of damages hearing, for leave to respond to the Darfuses' submission of damages and for mediation/settlement or status conference.

{¶12} The damages hearing proceeded on December 16, 2011. Clark and her counsel did not appear for the damages hearing. Prior to starting the damages hearing, the trial court went on the record to state the trial court determined the motions filed by Clark on December 15, 2011 were filed at 3:25 p.m. and the trial court did not receive the motions until just prior to the damages hearing on December 16, 2011. (T. 8.) Before starting the damages hearing, the trial court, in the presence of opposing counsel, contacted counsel for Clark by telephone. The trial court stated in the record that Clark believed the damages hearing was a non-oral hearing. (T. 10-11.) The trial court orally denied Clark's motions for leave to plead and to stay the damages hearing and the trial court proceeded with the damages hearing. (T. 12.) David and Linda Darfus testified at the hearing.

{¶13} On January 23, 2012, the trial court issued its judgment entry as to damages. The trial court noted the communications with Clark's counsel in the judgment entry. The judgment entry journalized the denial of Clark's motions for leave

to plead and to stay the damages hearing.  The trial court awarded damages as follows: (1) compensatory damages in the amount of $150,000 to David Darfus; (2) compensatory damages for loss of consortium in the amount of $15,000 for Linda Darfus; (3) punitive damages in the amount of $100,000 for David Darfus; (4) attorney's fees in the amount of $13,753.04 for David and Linda Darfus; and (5) post-judgment interest and court costs against Clark.

{¶14} On March 14, 2012, the trial court amended the January 23, 2012 judgment entry by agreement of the parties to include Civ.R. 54(B) language.  The judgment entry was amended to state it was a nunc pro tunc order and included the language, "there is no just reason for delay."

{¶15} It is from this judgment Clark now appeals.

## ASSIGNMENTS OF ERROR

{¶16} Clark raises nine Assignments of Error:

{¶17} "I. THE TRIAL COURT ERRED BY FAILING ITS RESPONSIBILITY TO PROVIDE A PLAIN, DISTINCT, UNAMBIGUOUS STATEMENT OF THE LAW APPLICABLE TO EVIDENCE PRESENTED FOR REMEDY IN A DOG BITE CLAIM, RENDERING ITS JUDGMENT ARBITRARY UNDER BECKETT V. WARREN, 124 OHIO ST.3D 256.  (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶18} "II. THE TRIAL COURT ERRED BY AWARDING PUNITIVE DAMAGES AS A STATUTORY REMEDY FOR A DOG BITE INJURY.  (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶19} "III. THE TRIAL COURT ERRED BY AWARDING ATTORNEYS FEES AS A STATUTORY REMEDY FOR A DOG BITE INJURY. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶20} "IV. THE TRIAL COURT ERRED BY AWARDING LOSS OF CONSORTIUM DAMAGES AS A STATUTORY REMEDY FOR A DOG BITE INJURY. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶21} "V. THE TRIAL COURT ERRED ARBITRARILY, PREJUDICIALLY AND UNCONSCIONABLY BY ITS EXCESSIVE, UNSUBSTANTIATED COMPENSATORY DAMAGES AWARD. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶22} "VI. THE TRIAL COURT ERRED, PREJUDICIALLY, BY FAILING TO DETERMINE IF APPELLEE WERE [SIC] OWED A HEIGHTENED DUTY OF CARE AS A 'VISITOR' AND NOT AS AN INVITEE UPON LAND. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶23} "VII. THE TRIAL COURT ERRED, PREJUDICIALLY, BY A BROAD AND UNCONSTITUTIONAL APPLICATION OF REVISED CODE §955.28 AS AN ABSOLUTE LIABILITY STATUTE. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶24} "VIII. THE TRIAL COURT ERRED, PREJUDICIALLY, BY AN UNREASONED DENIAL OF APPELLANT'S MINIMAL BUT FUNDAMENTAL DUE PROCESS REQUESTS FOR ACCESS TO COUNSEL, TIME AND OPPORTUNITY TO BE HEARD. (JUDGMENT ENTRY, JANUARY 23, 2012.)

{¶25} "IX. THE TRIAL COURT ERRED BY FAILING TO CONDUCT A DETERMINATIVE DAMAGES HEARING ACCORDING TO THE BARE NOTICE AND

PROCESS REQUIREMENTS STATED PLAINLY AT OHIO CIVIL RULE 55(A). (JUDGMENT ENTRY, JANUARY 23, 2012.)"

**ANALYSIS**

*I.*

{¶26} Clark argues in her first Assignment of Error the trial court failed to include a statement of the law and facts in rendering its determination of damages in the January 23, 2012 judgment entry. We disagree.

{¶27} The complaint alleged common law negligence based on the dog bite wounds and the injury to David Darfus's shoulder, a violation of the dog bite statute under R.C. 955.28(B), and punitive damages. Clark did not timely respond to the complaint and the Darfuses moved for default judgment. The trial court granted default judgment as to liability only on August 11, 2011. The trial court then set the matter for an evidentiary hearing to determine damages. The damages hearing was held on December 16, 2011 and the trial court issued its judgment on January 23, 2012.

{¶28} In its decision on damages, the trial court did not make specific findings as to the law and evidence. Rather, the trial court stated in its judgment it had considered all of the pleadings and evidence presented at the damages hearing to make its decision. The trial court then listed its calculation of damages: $150,000 in compensatory damages to David Darfus, $15,000 in compensatory damages to Linda Darfus, $100,000 in punitive damages to David Darfus, and $13,753.04 in attorney's fees to the Darfuses.

{¶29} Clark argues the trial court's judgment entry was incorrect because it did not provide a plain statement of the law as to the different claims presented by the Darfuses and further did not specify the remedies applicable and awarded for those claims. Clark states the claims presented by the Darfuses as to the injuries sustained as a result of the dog bites utilize different elements and provide different remedies. It is Clark's position the trial court neglected to specify the evidence it used to determine the remedies.

{¶30} In *Kovacks v. Lewis*, 5th Dist. No. 2010 AP 01 0001, 2010-Ohio-3230, this Court analyzed the law applicable to claims for injuries resulting from a dog bite. There are two bases for recovery in Ohio for injuries sustained as a result of a dog bite: common law and statutory. "At common law, the keeper of a vicious dog could not be liable for personal injury caused by the dog unless the person [keeper] knew of the dog's 'vicious propensities.'" *Bora v. Kerchelich*, 2 Ohio St.3d 146, 147, 443 N.E.2d 509 (1983), quoting *Hayes v. Smith*, 62 Ohio St. 161, 56 N.E. 879 (1900), paragraph one of the syllabus. Thus, in a common law action for bodily injuries caused by a dog, a plaintiff must show that (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness. *Hayes* at paragraph one of the syllabus. In a common law action for bodily injuries caused by a dog, as in any other common law tort action, punitive damages may be awarded. *McIntosh v. Doddy*, 81 Ohio App. 351, 359, 77 N.E.2d 260 (1st Dist.1947).

{¶31} The statutory cause of action arises under R.C. 955.28, which provides:

The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property.

{¶32} The statutory cause of action "eliminated the necessity of pleading and proving the keeper's knowledge" of the dog's viciousness. *Bora v. Kerchelich*, 2 Ohio St.3d 146, 147, 443 N.E.2d 509 (1983). Consequently, in an action for damages under R.C. 955.28, the plaintiff must prove (1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages. *Hirschauer v. Davis*, 163 Ohio St. 105, 126 N.E.2d 337 (1955), paragraph three of the syllabus. Thus, the defendant's knowledge of the dog's viciousness and the defendant's negligence in keeping the dog are irrelevant in a statutory action. *Beckett v. Warren*, 124 Ohio St.3d 256, 258, 2010-Ohio-4, 921 N.E.2d 624.

{¶33} Clark argues the trial court's judgment entry failed to specify the damages it awarded for the differing claims in the complaint.

{¶34} The Ohio Supreme Court held that a plaintiff may, in the same case, pursue both statutory and common law negligence claims for a dog bite injury. *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4, 921 N.E.2d 624, ¶ 22. The

Supreme Court clarified that the common law remedy provided a potential additional remedy – punitive damages – if the elements of knowledge or prior viciousness and negligence are proven. *Id.* at ¶ 17. The Darfuses were entitled to seek judgment on both claims for common law negligence and under the statute.

{¶35} As to the damages award, the trial court was not required to specify its findings. This matter was before the trial court pursuant to Civ.R. 55. The Twelfth District Court of Appeals held that a trial court is not required to support its damages award after default judgment with findings. *Henry v. Richardson*, 12th Dist. Nos. CA2010-05-110, CA2010-05-127, 2011-Ohio-2098, ¶ 9. Civ.R. 52 states, "[f]indings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." "Civ.R. 52 does not apply to proceedings on motion for default judgment under Civ.R. 55." *Henry*, at ¶ 9.

{¶36} As a matter of procedure, the trial court was not required to provide specific findings to support its damages award. Clark's first Assignment of Error is overruled.

*II.*

{¶37} Clark argues in her second Assignment of Error the trial court erred in awarding punitive damages as a statutory remedy for a dog bite injury. In the January 23, 2012 judgment entry, the trial court awarded David Darfus punitive damages in the amount of $100,000. In her Assignment of Error, Clark does not argue punitive damages award were not warranted under the evidence presented at the damages hearing.

{¶38} Clark is correct when she states that punitive damages are not available as a remedy in a claim for an injury caused by a dog bite brought under R.C. 955.28. Under R.C. 955.28, a plaintiff may recover compensatory damages, but not punitive damages. *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4, 921 N.E.2d 624, ¶ 11, 21. Under the common law cause of action, the plaintiff may be awarded compensatory and punitive damages. *Id.* at ¶ 7.

{¶39} In this case, the complaint alleged a claim for injury caused by the dog bites under both a theory of common law negligence and a violation of R.C. 955.28. David Darfus also alleged negligence for the injury suffered to his shoulder. As stated in the discussion of the first Assignment of Error, the Ohio Supreme Court held that a plaintiff may, in the same case, pursue both statutory and common law negligence claims for a dog bite injury. *Beckett, supra*. In a common law dog bite action, the plaintiff must prove (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness. In an action for damages under R.C. 955.28, the plaintiff must prove (1) ownership or keepership of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages. *Beckett, supra*. The Ohio Supreme Court held the common law elements of a dog bite action can coexist with the elements of a statutory dog bite action:

> [W]e quote from the First District Court of Appeals' analysis in *McIntosh v. Doddy* (1947), 81 Ohio App. 351, 356–357, 37 O.O. 203, 77 N.E.2d 260: "[T]he common-law action [for injury by a dog] includes all the elements of the statutory action and in addition the elements of

scienter and negligence. * * * [W]here a petition contains all the elements of a common-law action but the proof covers the statutory elements only, * * * the court would not dismiss the plaintiff, but would award to him the relief to which the proof entitled him, that is, compensation for the injury received. That would be the relief to which he would be entitled on the cause of action pleaded, shorn of the allegations of scienter and negligence, which he had failed to prove. And those allegations would be treated as surplusage.

The *McIntosh* court concluded that the jury had found against the defendants on the issue of negligently keeping the dog and in so finding, the jury had found that the defendant had harbored the dog. The court held that "[t]he fact that it also found that the dog was vicious and that the harboring was negligent and occurred after she had knowledge of its viciousness, certainly is not prejudicial to the defendant." *Id.* at 359, 37 O.O. 203, 77 N.E.2d 260.

*Beckett* at ¶ 19-20.

{¶40} The trial court in the present case granted the Darfuses default judgment on their claims for common law negligence and a violation of R.C. 955.28. In its decision on damages, the trial court awarded David Darfus compensatory damages and punitive damages. The judgment entry on damages did not specify under which claim the trial court awarded damages, nor was it required to make specific findings as we held in the first Assignment of Error.

{¶41} "In a common law action for bodily injuries caused by a dog, as in any other common-law tort action, punitive damages may be awarded." *Beckett,* at ¶ 7 citing *McIntosh v. Doddy*, 81 Ohio App. 351, 359, 77 N.E.2d 260 (1st Dist.1947). The Darfuses were entitled to claim compensatory damages under both their common law and statutory claims; the Darfuses were only entitled to punitive damages under their common law action. Because the Darfuses permissibly brought both causes of action in the same complaint and were granted default judgment on both causes of action, we find the trial court could not grant double compensatory damages under the simultaneous theories of recovery but could grant punitive damages under the common law negligence cause of action. In this action, we do not infer the trial court awarded punitive damages based on the statutory cause of action because the Darfuses also had claims under a common law theory of negligence.

{¶42} Clark's second Assignment of Error is overruled.

*III.*

{¶43} Clark contends in her third Assignment of Error the trial court erred in awarding attorney's fees for a dog bite injury claim pursued under R.C. 955.28. The trial court awarded David and Linda Darfus attorney's fees in the amount of $13,753.04.

{¶44} As we have stated in our analysis of the first and second Assignments of Error, the plaintiffs in this case brought an action for recovery under a statutory cause of action and a common law cause of action. The trial court granted the plaintiffs default judgment on both theories of recovery. After the hearing on damages, the trial

court awarded the Darfuses compensatory damages, punitive damages, and attorney's fees.

{¶45} Clark is correct when she states that a plaintiff cannot recover attorney's fees in a dog bite action under R.C. 955.28. There is no statutory authorization for the recovery of attorney's fees in R.C. 955.28.

{¶46} In this case, however, the Darfuses were granted default judgment on both their claims for common law negligence and a statutory violation of R.C. 955.28. The trial court granted David Darfus compensatory damages on those claims and then awarded punitive damages under the common law negligence claim.

{¶47} Attorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 557, 644 N.E.2d 397 (1994). In this case because punitive damages were awarded under the common law negligence theory of recovery, the trial court did not err in granting attorney's fees pursuant to the award of punitive damages.

{¶48} Clark's third Assignment of Error is overruled.

*IV.*

{¶49} In her fourth Assignment of Error, Clark argues the trial court erred in awarding Linda Darfus damages for loss of consortium because loss of consortium damages are not available as a remedy for a violation of R.C. 955.28.

{¶50} In order to prove a loss of consortium claim, the plaintiffs first must establish the underlying negligence action. Although a separate cause of action, a consortium claim is a derivative claim -- it can be maintained only if the primary

negligence action is proven. *Bowen v. Kil–Kare, Inc.*, 63 Ohio St.3d 84, 92–93, 585 N.E.2d 384 (1992). Once negligence is shown, the complaining spouse must show damages proximately caused by the negligent act, much as the primary plaintiff must prove damages. *Id.* "'Loss of spousal consortium is generally defined as a deprivation of society, services, sexual relations, and conjugal affection, which includes companionship, comfort, love and solace.'" *Id.* at 92, 585 N.E.2d 384, quoting *Clouston v. Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St.2d 65, 72, 258 N.E.2d 230 (1970).

{¶51} In this case, David Darfus alleged both a negligence action and a statutory action based on the dog bite. The negligence action further alleged injury to David Darfus's shoulder due to the actions of Clark. The loss of consortium action and compensatory award were properly based on the grant of default judgment on the primary claim for the common law negligence.

{¶52} Clark's fourth Assignment of Error is overruled.

*V.*

{¶53} Clark argues in her fifth Assignment of Error the trial court's compensatory damages award to David Darfus was arbitrary and unconscionable. The trial court awarded David Darfus $150,000 in compensatory damages.

{¶54} "Even though a party defaults and admits the allegations of the complaint or stipulates to liability, a plaintiff must still prove his or her damages." *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, 951 N.E.2d 1123, ¶ 8 (12th Dist.). A reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Hicks v. Extended Family Concepts*, 5th Dist.

Nos. 2010CA00159, 2010CA00183, 2011-Ohio-3227, ¶ 52 citing *Kaufman v. Byers*, 159 Ohio App.3d 238, 2004-Ohio-6346, 823 N.E.2d 520, ¶ 37 (11th Dist.). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶55} Compensatory damages in a personal injury action include compensation for actual medical expenses, future medical expenses, past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, and special damages. *Fantozzi v. Sandusky Cement Products Col.,* 64 Ohio St.3d 601, 597 N.E.2d 474 (1992). Recovery for permanent injuries or for a lasting impairment to health are likewise proper elements of compensatory damages. *Farley v. Ohio Department of Rehabilitation and Correction*, 128 Ohio App.3d 137, 713 N.E.2d 1142 (10th Dist.1998). Compensatory damages are recoverable under a common law negligence action or under the statutory dog bite action.

{¶56} Clark argues an award of $150,000 for compensatory damages was excessive under the law of *Beckett v. Warren*, 124 Ohio St.3d 256, 921 N.E.2d 624 (2010). In that case, the Ohio Supreme Court analyzed whether a plaintiff could pursue both a common law negligence cause of action and a statutory claim for injuries caused by a dog bite. David Darfus has claimed he is entitled to damages for the injuries caused by the dog bites under a common law negligence theory and a statutory claim. In the complaint, however, David Darfus also claims he suffered a permanent shoulder injury due to Clark's negligent actions on the date of the incident.

{¶57} Upon our review of the record, we find the trial court did not abuse its discretion in determining David Darfus was entitled to compensatory damages in the amount of $150,000. At the damages hearing, David Darfus testified to the events that caused his injuries and the injuries he suffered on October 15, 2010. David Darfus is a 62-year-old real estate agent and through a prior real estate transaction, he became acquainted with Clark's parents. David Darfus also knew Clark through his brother. On October 15, 2010, David Darfus spontaneously visited Clark's property with the intention of asking Clark about the well-being of her parents. He also wanted to ask about her interest in listing some of her property for sale. Darfus drove his car down Clark's driveway and saw a "no trespassing" sign. He parked his car when he reached Clark's home, walked up to the house, and knocked on the door. He received no answer at the door, so he left his card and turned to leave. As he stepped off the porch, he heard a dog bark or growl. He turned towards the sound and saw Clark standing with two dogs on a leash. The dogs appeared to be Rottweilers to Darfus. Darfus greeted Clark, but Clark stated she did not know him and told him to leave her property. Darfus says she immediately released the dogs and said, "get him." The dogs knocked Darfus to the ground and bit his arms and legs. Darfus yelled to Clark to call the dogs off him. Clark told the dogs to release and she grabbed the dogs by the collars. The dogs released Darfus and Clark put them in her car.

{¶58} Darfus had bite wounds on both knees, his right thigh, and his left forearm. He called 9-1-1 on his cell phone. Darfus was on the ground, on his hands and knees. Clark grabbed under his right elbow and jerked him up off the ground, injuring Darfus's right shoulder. The police reported to Clark's property but Clark

drove Darfus to the emergency room where his wife met him. When his wife saw his wounds, she fainted. David Darfus required sutures for some of the dog bite wounds because of the extent of the wounds. His wife cleaned and redressed the wounds every day. He has permanent scarring from the dog bite wounds.

{¶59} David Darfus had shoulder surgery on his right shoulder ten years ago. When Clark pulled Darfus from the ground, tendons were ripped in his shoulder. He required a second shoulder surgery after the October 15, 2010 injury. He has permanent scarring to his shoulder blade area where the rotator cuff used to be and tendons were torn and could not be repaired. He has limited movement in his shoulder that allows him lower arm movement to play golf or bowl, but he has difficulties raising his hand over his head.

{¶60} After the October 15, 2010 incident, David Darfus's doctor diagnosed Darfus with post-traumatic stress. David Darfus enjoys bowling and golfing, but had to gradually resume those activities because of pain. He no longer enjoys riding bicycles with his children and grandchildren because of fear of being chased by a dog.

{¶61} At the damages hearing, the Darfuses introduced medical bills showing past medical bills in the amount of $20,608.00. The Darfuses estimated future medical expenses in the amount of $24,000.00.

{¶62} Based on the evidence presented at the damages hearing, the trial court awarded David Darfus $150,000 in compensatory damages. Upon the record, we find the trial court did not abuse its discretion in determining the amount of damages.

{¶63} Clark's fifth Assignment of Error is overruled.

*VI.*

{¶64} Clark contends in her sixth Assignment of Error the trial court erred in failing to determine whether David Darfus was owed a heightened duty of care as a "visitor" and not as an invitee upon the land.

{¶65} A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. *Queen v. Hanna*, 4th Dist. No. 11CA3447, 2012-Ohio-6291, ¶ 20 citing *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶66} Under Civ.R. 55(A), '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." It is within the discretion of the trial court to determine whether further evidence is needed to support the plaintiff's claim against the defaulting defendant. *See Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985).

{¶67} In the complaint, David Darfus alleged he was a visitor of Clark's residence on October 15, 2010. Clark argues the trial court should have considered whether David Darfus was a licensee, invitee, or trespasser before granting default judgment on the Darfuses' complaint on the claim of negligence. Clark states the status of David Darfus when he entered Clark's property determines the legal duty Clark owed to David Darfus as to the maintenance of the premises.

{¶68} The legal duty that landowners owe a person who enters their land depends upon the status of the entrant, i.e., trespasser, licensee, or invitee. *Mota v. Gruszczynski*, 197 Ohio App.3d 750, 2012-Ohio-275, 968 N.E.2d 631 (8th Dist.), ¶ 21 citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Id.* In contrast, a licensee is a person who enters another's property "by permission or acquiescence, for his own pleasure or benefit, and not by invitation." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).

{¶69} Assuming David Darfus was a licensee, Clark owed David Darfus the same duty owed to a trespasser: "to refrain from willful, wanton or reckless conduct [that] is likely to injure him." *Mota, supra* citing *Gladon*, 75 Ohio St.3d at 317, 662 N.E.2d 287, citing *Soles v. Ohio Edison Co.*, 144 Ohio St. 373, 59 N.E.2d 138 (1945), paragraph one of the syllabus. The complaint in this case alleged that Clark was holding the dogs' leashes when she encountered David Darfus on her property. She either then negligently dropped the dogs' leashes or she intentionally dropped the leashes and commanded the dogs to "get him."

{¶70} Further under R.C. 955.28(B), Clark has a statutory defense to strict liability only if the plaintiff was criminally trespassing on the property. The statute states:

> The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit criminal trespass or another criminal offense other than a minor misdemeanor on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense other than a minor misdemeanor against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property. Additionally, the owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog if the injury, death, or loss was caused to the person or property of an individual who, at the time of the injury, death, or loss, was on the property of the owner, keeper, or harborer solely for the purpose of engaging in door-to-door sales or other solicitations regardless of whether the individual was in compliance with any requirement to obtain a permit or license to engage in door-to-door sales or other solicitations established by the political subdivision in which the property of the owner, keeper, or harborer is located, provided that the person was not

committing a criminal offense other than a minor misdemeanor or was

not teasing, tormenting, or abusing the dog.

{¶71} Trespass is a valid defense to liability, which Clark failed to raise by answering the complaint. We find no abuse of discretion by the trial court to grant default judgment on the complaint.

{¶72} Clark's sixth Assignment of Error is overruled.

*VII.*

{¶73} Clark contends in her seventh Assignment of Error that the trial court unconstitutionally applied R.C. 955.28 to Clark.

{¶74} Clark was served with the complaint and had a meaningful opportunity to respond to the complaint. Clark does not provide this Court any direct authority to support her position that a trial court is without power to grant default judgment on a claim under R.C. 955.28.

{¶75} Clark's seventh Assignment of Error is overruled.

*VIII.& IX.*

{¶76} We consider Clark's eighth and ninth Assignments of Error together because they are interrelated. Clark argues the trial court violated her due process protections by failing to give her meaningful opportunity to participate in the proceedings. Specifically, Clark argues the trial court improperly conducted the damages hearing. We disagree.

{¶77} The trial court granted default judgment on liability but set the matter for a damages hearing under Civ.R. 55(A). The damages hearing was originally set on October 17, 2011, but was twice continued by the trial court pursuant to Clark's

requests. The damages hearing had been designated in the trial court's orders as an oral hearing on damages.

{¶78} We find the trial court was within its discretion to deny Clark's December 15, 2011 motion to stay the damages hearing set for December 16, 2011.

{¶79} Clark's eighth and ninth Assignments of Error are overruled.

## CONCLUSION

{¶80} The nine Assignments of Error of Defendant-Appellant Carolyn S. Clark are overruled.

{¶81} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

PAD:kgb

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

:

DAVID T. DARFUS, et al.                    :
                                           :
     Plaintiffs-Appellees                  :          JUDGMENT ENTRY
                                           :
                                           :
-vs-                                       :
                                           :          Case No.    12-CA-9
CAROLYN S. CLARK, et al.                    :
                                           :
     Defendants-Appellants                 :
                                           :

     For the reasons stated in our accompanying Opinion on file, the judgment of the

Fairfield County Court of Common Pleas is affirmed.  Costs assessed to Appellant

Carolyn S. Clark.


                                   _____
                                    HON. PATRICIA A. DELANEY


                                   _____
                                    HON. W. SCOTT GWIN


                                   _____
                                    HON. WILLIAM B. HOFFMAN