[Cite as *State v. Flint*, 2012-Ohio-5268.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CHANIQUA FLINT

    Appellant

C.A. No.    26308

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 07 1761

DECISION AND JOURNAL ENTRY

Dated: November 14, 2012

CARR, Judge.

{¶1} Defendant-Appellant, Chaniqua Flint, appeals from her conviction in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} On July 2, 2011, Flint stabbed her boyfriend Marcus Glover several times during the course of an argument. Versions of the exchange varied among the witnesses to the affray. According to Flint, Glover attacked her with a knife, she disarmed him while the two were wrestling on the ground, and she stabbed him in the back during the exchange because he was trying to strangle her. Although Glover sustained several knife wounds as a result of the incident, the police did not detect any visible wounds on Flint when they later responded.

{¶3} A grand jury indicted Flint on one count of felonious assault and four counts of domestic violence. The State dismissed two of the domestic violence counts before trial, and the

remaining three counts were tried to a jury. The jury found Flint guilty of felonious assault, but not guilty of domestic violence. The court sentenced Flint to two years of community control.

{¶4} Flint now appeals and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR BY ERRONEOUSLY INSTRUCTING THE JURY ON THE DUTY TO RETREAT IN THE SELF DEFENSE INSTRUCTIONS.

{¶5} In her first assignment of error, Flint argues that the trial court committed plain error when it instructed the jury on self-defense. We disagree.

{¶6} Generally, a defendant's failure to object to an allegedly erroneous jury instruction limits any review of the alleged error to a review for plain error. *State v. Johnson*, 9th Dist. No. 25525, 2011-Ohio-3941, ¶ 20. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶7} To establish self-defense in circumstances involving the application of deadly force, a defendant must prove that he: "(1) * * * was not at fault in creating the situation giving rise to the affray; (2) * * * ha[d] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) * * * [did] not [] violate[] any duty to retreat or avoid the danger." *State v. Westfall*, 9th Dist. No. 10CA009825, 2011-Ohio-5011, ¶ 19, quoting *State v. Tucker*, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, ¶ 4. Yet, "[a] person has no duty to retreat when he is in

his own home." *Tucker* at ¶ 4. Flint argues that the trial court committed plain error in its self-defense instructions to the jury because the court should not have instructed the jury that she had a duty to retreat in her own home.

{¶8} The trial court included in its self-defense instructions to the jury that Flint had to prove that "she had not violated a duty to retreat." The court further instructed that Flint had a duty to retreat if she was at fault in creating the situation that led to the affray, did not reasonably believe she was in imminent danger, or did not reasonably believe that the only means of escape from the danger was by the use of deadly force. The court then instructed the jury that "[a] person who lawfully is in her residence has no duty to retreat before using force in self-defense."

{¶9} The court's self-defense instructions in this case mirror the instructions that the trial court gave in *State v. Geter-Gray*, 9th Dist. No. 25374, 2011-Ohio-1779, ¶ 16-17. In *Geter-Gray*, the court instructed the jury on the duty to retreat and explained how such a duty arose, but also instructed that the defendant had no duty to retreat in her own home. *Id.* On appeal, the defendant argued that the court committed plain error by instructing the jury about the duty to retreat because she was attacked in her own home and had no such duty. This Court held that "because the court told the jury that Ms. Geter-Gray did not have a duty to retreat if she was attacked in her own home, Ms. Geter-Gray [did] not demonstrate[] plain error." *Id.* at ¶ 17, citing *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4, ¶ 18 (jury presumed to follow the court's instructions). As in *Geter-Gray*, the trial court here instructed the jury that Flint had no duty to retreat in her residence. Thus, Flint has not shown that the court committed plain error in its instruction. *Geter-Gray* at ¶ 17. Flint's argument to the contrary is meritless.

{¶10} Flint also argues in the body of her brief that the trial court somehow nullified its self-defense instruction to the jury when it instructed the jury on motive. The court gave the following motive instruction:

> Proof of motive is not required. The presence or absence of motive is not one of the circumstances bearing upon knowledge. Where an act is a crime, a good motive or purpose is not a defense.

Flint argues that the court committed plain error by instructing the jury that a good motive is not a defense. Specifically, she argues that one who engages in self-defense possesses a good motive (i.e., to save one's life or prevent harm to one's self), so the court's motive instruction was erroneous.

{¶11} The court gave its motive instruction while defining the mens rea of knowingly for the jury with regard to Flint's felonious assault count. The court did not discuss motive in its self-defense instructions to the jury. Moreover, the defense of self-defense does not arise from the fact that one acted with a good motive or purpose. "[O]ne claiming self-defense 'concedes [that] he had the purpose to commit the act, but asserts that he was justified in his actions.'" *State v. Perry*, 9th Dist. No. 25271, 2011-Ohio-2242, ¶ 23. Flint has not shown that the court's motive instruction actually undermined her defense, such that the outcome of her trial would have been different absent the instruction. *See State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Flint's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2947.23(A).

**{¶12}** In her second assignment of error, Flint argues that the trial court failed to comply with R.C. 2947.23 when it assessed court costs against her in the absence of the community service notifications set forth in the statute. We agree.

**{¶13}** R.C. 2947.23(A) provides, in relevant part:

(1)(a) In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

"[I]t is reversible error for a trial court to fail to comply with the community service notifications of R.C. 2947.23(A)(1)(a) & (A)(1)(b) * * *." *State v. Ross*, 9th Dist. No. 25778, 2012-Ohio-1389, ¶ 28.

**{¶14}** The record reflects that the trial court imposed costs upon Flint, but did not inform her that her failure to pay them could result in the imposition of community service or that she would receive credit toward the costs from any community service so imposed. As such, the trial court did not comply with the community service notifications set forth in R.C. 2947.23. *Id.* The "proper remedy" for a trial court's failure to comply with the notification provisions of R.C. 2947.23 "is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in [the statute]." *State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 38. Accordingly, Flint's second assignment of

error is sustained and, upon remand, the trial court must comply with the notice requirements of R.C. 2947.23.

III.

{¶15} Flint's first assignment of error is overruled, and her second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded to the trial court for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.


<u>APPEARANCES</u>:

MARTHA HOM, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.