[Cite as *Jones v. Holmes*, 2013-Ohio-448.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|                              |   |                              |
|------------------------------|---|------------------------------|
| HAROLD D. JONES, SR.,        | : | CASE NO. CA2012-07-133       |
| Plaintiff-Appellant,         | : | O P I N I O N                |
|                              | : | 2/11/2013                    |
| - vs -                       | : |                              |
| TRISHA E. HOLMES, et al.,    | : |                              |
| Defendants-Appellees.        | : |                              |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. 211CVH00341


Dyer, Garofalo, Mann & Schultz, Kevin W. Attkisson, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402, for appellant

Freund, Freeze & Arnold, Kevin C. Connell, Fifth Third Centre, 1 South Main Street, Suite 1800, Dayton, Ohio 45402, for appellee

Kevin Moon, 333 Highway 11, S.W., Monroe, Georgia 30655, appellee, pro se


**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Harold D. Jones, Sr., appeals a decision of the Butler County Court of Common Pleas granting judgment in favor of defendant-appellee, Trisha Holmes, in a personal injury action involving a dog attack.

{¶ 2} In July 2010, Holmes lived with her infant daughter in a single-family home in

the 1800 block of Lamberton Street, in Middletown, Ohio. On July 29, 2010, in the middle of the night, Dustin Glass (Holmes' former boyfriend) and Kevin Moon arrived at her residence unannounced. Moon brought along his dog, which was described as a pit bull. Moon slept downstairs on a couch. Glass slept upstairs with Holmes. The following morning, Holmes left her house before 9:00 a.m., dropped her daughter off at the babysitter, and went to open the hair salon where she worked. The salon opened at 9:00 a.m.

{¶ 3} That same morning, around 9:00 a.m., Jones was walking his dog Buddy in the 1800 block of Lamberton Street. Jones and Buddy were on the sidewalk across the street from Holmes' house when Jones saw a pit bull coming their way from Holmes' front yard. The pit bull crossed the street and attacked Buddy. As Jones was trying to separate the dogs, the pit bull attacked him and bit him. Jones suffered a gash on a finger which required stitches, and bruises to his knees, shoulders, and back. Buddy suffered a lesion on the left side of his neck which required veterinary treatment. It is undisputed that Holmes was at work when the attack occurred on the street. It is also undisputed that the pit bull was owned by Moon.

{¶ 4} In January 2011, Jones filed a complaint against Holmes and Moon alleging strict liability and common law negligence claims. Holmes filed an answer, Moon did not. A bench trial was held on May 31, 2012. Moon failed to appear before the court.

{¶ 5} On August 21, 2012, the trial court granted judgment in favor of Holmes, and against Moon, and awarded $12,000 in damages to Jones. The trial court found that Moon was strictly liable for Jones' injuries under R.C. 955.28 because he (Moon) was the sole owner of the pit bull. The trial court further found that Holmes was not liable for Jones' injuries under R.C. 955.28 because she was neither the keeper nor a harborer of the dog. Specifically, the trial court found that (1) Moon, who arrived with his dog in the middle of the night, was merely an overnight guest, (2) at most, the dog was in Holmes' house for eight to

nine hours before the attack occurred, (3) during much of that time, Holmes was asleep, further she was at work at the time of the attack, (4) the dog's stay at her home was merely temporary, and (5) Holmes never cared for the dog.

{¶ 6} Jones appeals, raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANT HOLMES WAS A HARBORER PURSUANT TO R.C. §955.28.

{¶ 9} Jones argues that the trial court erred in finding that Holmes was not a harborer of the dog under R.C. 955.28. Jones asserts that Holmes harbored the dog because she had complete possession and control of her home, and she willingly acquiesced in the dog's presence. Jones also challenges the trial court's introduction of a time element into the definition of a harborer.

{¶ 10} R.C. 955.28(B) imposes strict liability upon the owner, keeper, or harborer of a dog "for any injury, death, or loss to person or property that is caused by the dog." In an action for damages under R.C. 955.28(B), a plaintiff must prove "(1) ownership, keepership, or harborship of the dog, (2) the actions of the dog were the proximate cause of damage, and (3) the monetary amount of damages." *Diaz v. Henderson*, 12th Dist. No. CA2011-09-182, 2012-Ohio-1898, ¶ 7; *Hirschauer v. Davis*, 163 Ohio St. 105 (1955).

{¶ 11} In determining whether a defendant is a harborer of a dog, the central focus of a court's analysis "shifts from possession and control over the dog to possession and control of the premises where the dog lives." *Flint v. Holbrook*, 80 Ohio App.3d 21, 25 (2nd Dist.1992). "[A] 'harborer' is one who is in possession and control of the premises where the dog lives, and silently acquiesces in the dog's presence." *Id.*

{¶ 12} "'Acquiescence' is essential to 'harborship' and requires some intent." *Thompson v. Irwin*, 12th Dist. No. CA97-05-101, 1997 WL 666079, *10 (Oct. 27, 1997),

quoting *Godsey v. Franz*, 6th Dist. No. 91WM000008, 1992 WL 48532, *3 (Mar. 13, 1992). "[L]iability as a harborer * * * is established if the owner of the premises knowingly permits the dog to live and make its home on such defendant's premises." *Sengel v. Maddox*, 16 Ohio Supp. 137, 139, 1945 WL 2298 (C.P.1945).

{¶ 13} In the case at bar, Glass, Moon, and the dog arrived at Holmes' residence in the middle of the night unannounced and uninvited. Holmes was asleep when the men and the dog arrived. Holmes' testimony indicates she became aware of the dog's presence, and "allowed it to happen," sometime between the time they arrived and the time she left for work the next morning. It is undisputed that Holmes never cared for the dog. Holmes testified that she never saw the dog while it was in her house.

{¶ 14} In order to be a harborer, a person must have possession and control of the premises *where the dog lives*, and silently acquiesce in the dog being kept there by its owner. *Flint*, 80 Ohio App.3d at 25; *Sengel*, 16 Ohio Supp. at 139. There is no evidence in the case at bar that the dog ever made his home or lived at Holmes' house. Holmes was, therefore, not a harborer of the dog. *See Rucker v. Taylor*, 5th Dist. No. 92CA-E-12-044, 1993 WL 289912 (July 12, 1993) (veterinarian not a harborer of a dog that injured someone while in the waiting room with its owner); *Sengel* at 140 (daughter found to be a harborer of her mother's dog where mother and her dog lived with daughter, where daughter had control and possession of the premises, and where by daughter's acquiescence, dog made its home on the premises). "A person is not a harborer, * * * even if he acquiesces to a dog's presence on property over which he has possession and control, if the dog does not regularly live at that property." *Root v. Thousand Adventures of Ohio, Inc.*, 9th Dist. No. 96CA006477, 1997 WL 164313, *2 (Apr. 2, 1997), citing *Rucker*.

{¶ 15} Jones cites three cases for the proposition that a defendant can be liable as a harborer under R.C. 955.28 even though the dog's stay on the defendant's premises was

temporary in nature, *Padgett v. Sneed*, 1st Dist. No. C-940145, 1995 WL 421864 (July 19, 1995); *Pickett v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2000-02755, 2001 WL 34070026; and *Montgomery v. Zalud*, 8th Dist. No. 73021, 1998 WL 518162 (Aug. 20, 1998). We find that these cases are distinguishable and not applicable to the case at bar.

{¶ 16} In *Padgett*, the defendant specifically borrowed a relative's dog to guard his property. A child was bitten by the dog the next day as the dog was tied on a leash on the defendant's porch. The First Appellate District reversed the trial court's grant of a directed verdict in favor of the defendant. The appellate court found that based on the Ohio Jury Instructions "combined definition of 'keeper or harborer,'" the plaintiffs had "presented sufficient evidence that [the defendant] was the keeper or harborer of the dog to create a jury question." *Id.* at *2.

{¶ 17} In *Pickett*, an inmate was severely bitten in the face by a dog he was assigned to care for as part of a dog adoption program. The attack occurred the day after the inmate received the dog. The court's decision indicates that as part of the training program, a dog assigned to an inmate lived at the prison and was kept in a cage at the foot of the inmate's bed. The court of claims held that the inmate could not successfully pursue a strict liability claim against prison officials under R.C. 955.28 because he was the keeper of the dog. *Pickett*, 2001 WL 34070026 at *2. In its decision, in addressing both strict liability and common law negligence claims, the court briefly noted the prison officials' position that they were a harborer of the dog. However, the court never specifically held that prison officials were a harborer of the dog. Rather, the court stated that even if prison officials were a harborer of the dog and not its owner, the inmate could still maintain a common law negligence claim against them. Upon reviewing the evidence, the court then found that prison officials had notice of the dog's vicious propensity and were negligent in keeping the dog. As stated earlier, dogs in the training program *lived* in prison cells with their assigned

inmates.

{¶ 18} In *Zalud*, the plaintiff temporarily moved in with the defendant for two months until she could move into her new home. The plaintiff did not pay rent but helped pay some expenses and had a key. During her stay at the defendant's home, the plaintiff was bitten by the defendant's dog. The trial court found that the plaintiff was a harborer of the dog under R.C. 955.28 and granted summary judgment to the defendant. The Eighth Appellate District reversed the trial court's decision. The appellate court held that in order to prevail on summary judgment, the defendant was required to prove that the plaintiff had control and possession of the defendant's house and had acquiesced to the dog's presence in the house. The appellate court found that the plaintiff's failure to object to the dog's presence in the defendant's home could be construed as acquiescence. *Zalud*, 1998 WL 3846 at *3. The appellate court, however, found that the plaintiff's temporary residence in the defendant's house was not sufficient to establish control of the premises. *Id.* In addition, the evidence did not establish she had an absolute duty to control the dog as she was clearly instructed to stay away from him. *Id.*

{¶ 19} In light of the foregoing, we find that Holmes was not a harborer of the dog under R.C. 955.28. The trial court, therefore, properly granted judgment in favor of Holmes and against Jones as to Jones' statutory claim.

{¶ 20} Jones' first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 23} Jones argues that the trial court's finding that Holmes was not a harborer of the dog is against the manifest weight of the evidence.

{¶ 24} When evaluating whether a judgment is against the manifest weight of the

evidence in a civil case, the standard of review is the same as in the criminal context. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. That is, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact "'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Id.* at ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). Moreover, "every reasonable presumption must be made in favor of the judgment and the finding of facts." *Volkman* at ¶ 21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Id.*

{¶ 25} At the outset, we note that in an action under R.C. 955.28, the issue of whether one is a harborer of a dog is an issue of fact, not a question of law as asserted by Jones. *See Irwin*, 1997 WL 666079; *Hirschauer*, 163 Ohio St. 105. Upon thoroughly reviewing the record, and incorporating our analysis under the first assignment of error here, we find that the trial court's finding that Holmes did not harbor the dog is not against the manifest weight of the evidence.

{¶ 26} Jones' second assignment of error is accordingly overruled.

{¶ 27} Judgment affirmed.

RINGLAND, P.J. and S. POWELL, J., concur.