[Cite as *Uhl v. McKoski*, 2014-Ohio-479.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VICKIE L. UHL

    Appellant

    v.

JOHN MCKOSKI, et al.

    Appellees

C.A. No.     27066

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2012 10 5886

DECISION AND JOURNAL ENTRY

Dated: February 12, 2014

BELFANCE, Judge.

{¶1} Appellant Vickie L. Uhl appeals the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees John and Catherine McKoski ("the McKoskis"). We affirm.

I.

{¶2} On November 20, 2010, Ms. Uhl was walking her dog on Narragansett Drive in Akron, Ohio. As she was doing so, a dog approached her and proceeded to attack her. Ultimately, the dog ran to the house located at 595 Narragansett Drive. Ms. Uhl suffered injuries to her leg from the dog bite which required medical treatment. That day, immediately following the attack, Ms. Uhl noticed a "[B]eware of [D]og" sign in the window of 595 Narragansett Drive. Ms. Uhl later returned to the address and took pictures of the sign.

{¶3} After the incident, Ms. Uhl learned that the McKoskis were renting 595 Narragansett Drive to Jason and Eboni White ("the Whites"). Ms. Uhl also learned that 595

Narragansett Drive had not been registered as a rental unit with the City of Akron until after the attack. Ms. Uhl brought suit against the Whites and the McKoskis for her injuries and medical expenses, claiming that all four of them "owned, kept, harbored, and/or maintained the dog" at 595 Narragansett Drive.

{¶4} The Whites failed to appear, and the trial court entered a default judgment against them in the amount of $50,000. The McKoskis moved for summary judgment, asserting that they never lived at the premises, they never authorized anyone to have a dog at the premises, and they did not know there was a dog at the premises. Ms. Uhl opposed the motion maintaining that the McKoskis were keepers or harborers of the dog and that the presence of a "[B]eware of [D]og" sign evidenced that they harbored the dog at the premises. Thereafter the McKoskis moved to strike the assertion in Ms. Uhl's affidavit that they "harbored" the dog on the basis that the affidavit contained a legal conclusion as opposed to providing facts based upon actual knowledge. The trial granted the motion to strike as well as the McKoskis' motion for summary judgment concluding in part that "there [wa]s no evidence to demonstrate that the McKoskis had any knowledge that the dog existed[,] let alone that the dog was vicious."

{¶5} Ms. Uhl has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT WHEN THE EVIDENCE OF THE "BEWARE OF DOG" SIGN LOCATED IN THE WINDOW OF THE PROPERTY AND "THE LANDLORD'S FAILURE TO REGISTER AS A RENTAL" [Sic] IS VIEWED IN A LIGHT MOST FAVORABLE TO THE NONMOVING PARTY BECAUSE THERE EXISTED GENUINE ISSUES OF MATERIAL FACT.

{¶6} In her sole assignment of error, Ms. Uhl argues that the trial court erred in granting summary judgment in favor of the McKoskis because there were genuine issues of material fact as to whether the McKoskis harbored the dog. Specifically, Ms. Uhl argues that the fact that the McKoskis failed to register as landlords and the fact that the window contained a "[B]eware of [D]og" sign, when viewed in a light most favorable to her, support the conclusion that the McKoskis harbored the dog, thereby creating a genuine issue of material fact on that issue. We disagree.

{¶7} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis omitted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶10} Each of Ms. Uhl's five counts in her complaint asserted that the McKoskis "owned, kept, harbored, and/or maintained" the dog at issue.[1]  The McKoskis asserted in their motion for summary judgment that there was no evidence that they owned, kept, or harbored the dog and thus they were entitled to judgment as a matter of law.  On appeal, Ms. Uhl only asserts that the trial court erred in its determination that there was no evidence that the McKoskis harbored the dog.

{¶11}  "There are two bases for recovery in Ohio for injuries sustained as a result of a dog bite: common-law and statutory."  *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4, ¶ 7.  "[I]n a common-law action for bodily injuries caused by a dog, a plaintiff must show that (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness."  *Id.*  To prove a statutory cause of action pursuant to R.C. 955.28, the plaintiff must prove "(1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages."  *Id.* at ¶ 11.  "The statutory cause of action eliminated the necessity of pleading and proving the keeper's knowledge of the dog's viciousness."  (Internal quotations and citation omitted.)  *Id.*  "Acquiescence is essential to harborship and requires some intent."  (Internal quotations and citation omitted.)  *Jones v. Holmes,* 12th Dist. Butler No. CA2012-07-133, 2013-Ohio-448, ¶ 12.

---

[1] Ms. Uhl's complaint asserts both common law negligence claims as well as a statutory claim pursuant to R.C. 955.28.  Additionally, it appears Ms. Uhl asserts additional causes of action for negligence/negligence per se related to the dog bite for alleged violations of Akron City Ordinances.  Even assuming such claims exist, those claims are also premised on the notion that the McKoskis owned, kept, harbored, or maintained the dog.  Thus, because we agree with the trial court's conclusion that there was no evidence that the McKoskis harbored the dog, Ms. Uhl could not succeed on these causes of action either.

{¶12} The McKoskis asserted in their respective affidavits that they had leased the premises where the dog returned after the attack and had never lived there. The McKoskis attached a copy of the lease to their motion which evidenced that the premises were leased to the Whites at the time of the attack. The McKoskis further averred that they did not authorize the Whites to have a dog and did not know that there was a dog at the premises. It was undisputed that the lease provided that "[t]he Resident also agrees not to * * * have unauthorized pets or animals of any kind in the Premises * * *." The evidence presented by the McKoskis was not rebutted. In particular, although Ms. Uhl contended that the McKoskis harbored the dog, it is evident that they could not have harbored a dog without even knowing a dog existed. *Jones* at ¶ 12 (Acquiescence requires some level of intent.). In response to summary judgment, Ms. Uhl did not present evidence that created a material dispute of fact as to whether the McKoskis knew about the dog. There was no evidence that the McKoskis had been at the premises after the property was leased, and no evidence that they had seen or were aware of a "[B]eware of [D]og" sign at the premises. In that regard, there was no evidence as to how long the sign had been posted at the premises.

{¶13} Ms. Uhl nonetheless argues that there was evidence that the McKoskis harbored the dog because it could be inferred that they were aware of the dog's presence through the "[B]eware of [D]og" sign in the window of 595 Narragansett Drive. The problem with Ms. Uhl's argument is that there is no evidence how long the sign was in place. There was no testimony that it was present on the property prior to the date of the attack or that anyone else saw the sign prior to the date of the attack. Further, in light of the McKoskis' uncontradicted affidavit which avers that they did not know there was a dog at the premises, and the fact that there was no evidence the McKoskis ever visited the premises, one cannot infer from the limited

evidence pertaining to the "[B]eware of [D]og" sign that the McKoskis knew of the dog's existence much less acquiesced to the presence of the dog. *See Maggard v. Pemberton*, 178 Ohio App.3d 328, 2008-Ohio-4735, ¶ 9 (2d Dist.) (stating that, under a common law negligence claim, a landlord out of possession could be "liable for injuries caused by the animal kept on the leased premises by the tenant when the landlord has knowledge of the dangerous or vicious animal but fails to abate the hazard with sufficient time to do so."). Likewise, assuming that the dog actually lived at the premises,[2] there was no evidence indicating how long the dog had been at the premises or evidence that other neighbors ever saw the dog at the premises prior to the attack. Thus, based on what little evidence was presented for the trial court to consider, Ms. Uhl failed to meet her corresponding *Dresher* burden to offer evidence demonstrating that there was a dispute of material fact as to whether the McKoskis harbored the dog at issue.

{¶14} Ms. Uhl also argues that the fact that the McKoskis failed to register 595 Narragansett Drive as a rental property with the City of Akron would support the notion that the McKoskis harbored the dog. However, Ms. Uhl has failed to provide any law to support her argument. In particular, she has not explained how the fact that the McKoskis failed to register the property serves as evidence to rebut the evidence that the McKoskis did not know about the existence of a dog on the premises. *See* App.R. 16(A)(7). Moreover, she has not explained how the fact that the McKoskis failed to register the property would support her claims. *See id.* In light of Ms. Uhl's failure to develop this argument or cite law that would support her position, we see no merit in it and overrule it on that basis.

---

[2] Ms. Uhl states in her affidavit that she saw the dog run back to 595 Narragansett Drive after it bit her. Bystanders and police then cornered the dog.

**{¶15}** In light of the foregoing, we cannot conclude that the trial court erred in concluding there was no dispute of fact as to whether the McKoskis harbored the dog. Given Ms. Uhl's limited arguments on appeal, we cannot say that the trial court erred in granting summary judgment in favor of the McKoskis. Ms. Uhl's assignment of error is overruled.

III.

**{¶16}** For the reasons set forth above, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

JAMES L. GLOWACKI and STEPHEN D. DOUCETTE, Attorneys at Law, for Appellees.

JASON WHITE and EBONI WHITE, pro se, Appellees.